[No. 2,578.]

## THOMAS. H. HANSON *v.* JAMES S. McCUE.

PETITION FOR REHEARING.—The filing of a petition for rehearing is not a matter of right, but a privilege given by the Court, and governed and limited entirely by its rules.

RULES OF COURT.—The Court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed.

LOSS OF PETITION FOR REHEARING BEFORE IT REACHES THE CLERK.— If a petition for rehearing is placed in the office of an express company, addressed to the Clerk, in time to have reached him within the time allowed by the rules to file one, and that is the customary and most reliable means of transmission, and the petition fails to reach the Clerk, without fault of counsel, the petition is, in contemplation of law, in the hands of the Clerk within the time limited by the rule, and if lost, may be supplied as other documents lost from the files of the Court may be supplied.

RECALLING REMITTITUR.—When a remittitur is improperly issued, the Court still retains jurisdiction of the case, and the remittitur will be recalled.

This case is reported in 42 Cal. 303.

The facts are stated in the opinion.

*John W. Dwinelle,* for the Motion.

*E. B. Mahon,* Contra.

By the Court, NILES, J.:

A decision in this case was rendered on the 31st of October, 1871.

On the 24th of November following, the respondent's counsel deposited in the express office of Wells, Fargo & Co., at San Francisco, a package addressed to the Clerk of this Court, and containing a printed petition for rehearing and the required number of copies. This package, from

some unknown cause,. did not reach the Clerk.    Upon the
27th of November, the Clerk issued the remittitur under
the provisions of Rule Twenty-one of this Court.

Upon these facts, sufficiently shown, respondent moves
that the remittitur be recalled, and that he have leave now
to file his petition for rehearing.    The propriety of granting
this motion depends upon the construction of Rule Twenty
of this Court.    This rule requires that the petition for re-
hearing "must be filed within twenty-five days after the
judgment has been rendered;" and, further, that "the time
herein prescribed shall not be extended by the Court, and
the Clerk shall not file a petition after such time has ex-
pired."

These plain and positive provisions cannot be avoided
upon the ground of accident or excusable neglect.    The
filing of a petition for a rehearing is not a matter of right.
It is a privilege given by the Court, governed and limited
entirely by its rules.    The power to make these rules is
given and controlled by the statute.    The Court, equally
with the suitor, is bound by them, until they are abrogated.
We must construe them as statutory provisions would be
construed.    We can conceive of no case in which the time
for filing a petition for rehearing can be enlarged, or the
failure to file excused, under the positive prohibition of the
rule.

Another question, however, is presented in this case.    It
seems that the counsel for respondent deposited his petition
for rehearing in the office of the express company, in ample
time to reach the Clerk of this Court within the period
allowed by the rule for filing the petition, in the ordinary
course of the business of the company.    It also appears that
this was the customary and most reliable means of transmis-
sion.    Here, then, was no negligence on the part of counsel.
He had performed fully, and in due time, all that he could
be required to do in ordinary cases, and in the absence of

notice that the petition had failed to arrive at its place of destination. He had dispatched it by the ordinary and best method; and we think that when counsel have fully completed their duties and have parted with the possession of the petition in the manner described, and within ample time for its conveyance to the Court within the period limited by the rule, it should be construed to be thenceforward in the possession of the officer of the Court to whom it was addressed. In contemplation of law, the petition was in the hands of the Clerk within the time limited by the rule, and if lost, may be supplied as other documents lost from the files of the Court may be supplied.

The petition being deemed to have been filed in time, the remittitur issued improperly. This was not through personal fault of the Clerk, but was error in contemplation of law.

In such case this Court still retains jurisdiction of the case, and may order the remittitur to be recalled.

Ordered, that the remittitur heretofore issued be recalled, and that respondent have leave to file his petition for rehearing.