[Sac. No. 89.   In Bank.—December 23, 1895.]

F. G. WARD, AS SHERIFF, ETC., RESPONDENT, v. MATT.
HEALY, APPELLANT.   M. ASHER, ASSIGNEE, INTER-
VENOR AND RESPONDENT.

APPEAL—PRINTING AND FILING OF TRANSCRIPT—DEPOSIT WITH CLERK—
CONSTRUCTION OF RULE XII.—Rule XII of the supreme court, which
provides that the written transcript in civil cases may be filed with the
clerk of the court if, when presented for filing, it be accompanied with
sufficient funds to pay the expenses of printing, and that the clerk,
upon receipt thereof, shall cause the transcript to be printed, etc.,
should be strictly enforced and obeyed as written, and a deposit of the
transcript with the clerk, without the funds necessary to pay for the
printing, is not in compliance with the rule.

ID.—MOTION TO DISMISS APPEAL — FILING OF TRANSCRIPT AFTER NOTICE
OF MOTION—TRANSIT OF TRANSCRIPT.—Where a motion to dismiss an
appeal and the printed transcript were filed upon the same day, the
appellant's rights are not saved thereby, if the transcript was not filed
before the notice to dismiss was served; nor is the fact that the printed
transcript was in the office of the express company in transit to the clerk
for filing when the motion to dismiss was served, the equivalent of fil-
ing the transcript within rule V of this court.

ID.—EXCUSE FOR FAILURE TO FILE TRANSCRIPT—AGREEMENT WITH CLERK.
While no understanding or agreement between the clerk of the court
and the appellant's attorney can dispense with a compliance with rule
XII of the court, or give appellant any right in law to rely upon any
such understanding, yet, where that rule has not been heretofore con-
strued, and appellant's attorney, relying upon an agreement with the
clerk, whereby the clerk, though without authority, in effect waived
the payment of funds provided for by the rule, and consented to the
printing of the transcript for him by appellant's attorney, which was
printed without unnecessary delay, held, that the failure to file the
printed transcript is so far excused by the circumstances that the ap-
peal should not be dismissed for noncompliance with rule XII.

APPEAL from a judgment of the Superior Court of
Lassen County and from an order denying a new trial.
W. T. MASTEN, Judge.

The facts are stated in the opinion of the court.

*Spencer & Raker*, and *F. C. Spencer*, for Appellant.

*Shinn & Shinn*, for Respondent.

GAROUTTE, J.—This is a motion to dismiss an appeal
upon the ground of failure to file the printed transcript

within the time provided by law. Rule XII of this court provides that a written transcript in civil cases may be filed with the clerk of this court if, when presented for filing, it be accompanied with sufficient funds to pay the expenses of printing the same, and that the clerk, upon receipt thereof, shall cause the transcript to be printed, and to the printed copy shall annex his certificate, etc. Appellant, in line with the foregoing rule of the court, transmitted to the clerk the written transcript, with a request that it be filed, but failed to accompany it with the funds to pay for printing the same. In lieu thereof, he asked the clerk to allow him the privilege of having the transcript printed at his home printing office at his own expense, and the clerk granted such request. The printing of the transcript was proceeded with, and some forty-eight days thereafter the printed copy was served, and also filed as provided by the rule. The motion to dismiss the appeal was served upon appellant prior to the time when the printed transcript was actually filed in the office of the clerk of this court.

Appellants seldom invoke the provisions of the rule of court heretofore referred to, and, as a consequence, the true construction thereof has never been a question presented for decision. But they are often desirous of delay in the decision of questions pending upon their appeals, and it is plainly apparent that, if we should indorse the practice here adopted as one justified by the rule, grave abuses would inevitably result, and the delays in litigation be more aggravated. We think the rule should be strictly enforced, that it should be obeyed as written, and, when it says that the funds necessary to pay for the printing of the transcript should accompany it, when transmitted to the clerk of this court, the provision should be upheld, and a compliance therewith demanded. With funds in hand, the clerk has the means, and also the opportunity, to have the work done promptly and well, and work which the appellant's attorneys were in this case more than forty days in hav-

ing done, the clerk could probably have had done in ten. We conclude that no understanding or agreement between the clerk of this court and appellant's attorney could dispense with a compliance with the provisions of the rule of the court here involved, and that appellant had no right in law to rely upon any such understanding.

While the motion to dismiss the appeal and the printed transcript were filed upon the same day, none of appellant's rights were saved thereby, for by rule V of this court the filing of the transcript can only defeat the motion when it is filed before the notice to dismiss is served, and such was not the fact in this case. (*Carter* v. *Paige*, 77 Cal. 64; *Chapman* v. *Bank of California,* 88 Cal. 419.) Again, it is contended that the printed transcript was in the office of Wells, Fargo & Co., in transit to the clerk of this court for filing, when the motion to dismiss was served, and for that reason the motion should be denied. Placing the document in the office of Wells, Fargo & Co. was not the equivalent of filing, and it cannot be considered as filed when so placed. The principle declared in *Hanson* v. *McCue*, 43 Cal. 178, does not go to such lengths.

It thus appears that appellant has no legal ground upon which to stand in combating this motion of respondent, and, therefore, the only question to be determined is, Are the facts shown in the affidavit on behalf of the appellant sufficient to excuse his failure to file the printed transcript? Upon consideration we have arrived at the conclusion that they are sufficient. When we consider the understanding had between the clerk of this court and appellant's attorney as to how and when the transcript should be printed, and that the attorney proceeded under such understanding, and had the transcript printed without unnecessary delay, as far as any direct showing to the contrary is concerned; when we consider that the clerk, although without any authority to do so, in effect waived the payment of the funds provided for by the rule, and that the rule has never here-

tofore been construed, and that the construction placed upon it by appellant's attorney is neither arbitrary nor unreasonable, we conclude that to dismiss the appeal would be a hardship upon appellant too heavy to find justification in the foregoing facts.

For the foregoing reasons the motion to dismiss the appeal is denied.

McFARLAND, J., VAN FLEET, J., HARRISON, J., TEMPLE, J., and HENSHAW, J., concurred.