[Civil No. 4513.   Filed June 22, 1942.]

[127 Pac. (2d) 131.]

ETHEL FERGUSON, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA; IN AND FOR THE COUNTY OF PINAL, Respondent.

Mr. D. V. Mulhern, and Mr. B. H. Gibbs, for Petitioner.

Messrs. Hummel, Hummel & Wyatt, for Respondent.

LOCKWOOD, C. J.—This matter comes before us on a petition for a writ of *certiorari* to review the proceedings of the Superior court of Pinal county, wherein Ethel Ferguson, petitioner, was adjudged guilty of contempt in the case of *Seldon D. Goff* and *Flora B. Goff,* Plaintiffs, v. *Ethel Ferguson,* Defendant, Case No. 5252 in said superior court.

The factual situation upon which the proceeding is founded, as shown by the records of this court and of the superior court of Pinal county, may be stated as follows: On May 9, 1932, Seldon D. Goff and Flora B. Goff, plaintiffs, filed a complaint against Ethel Ferguson, defendant, seeking to quiet title to certain premises in Pinal county. After various pleadings and proceedings, on January 5, 1935, the minutes of the trial court show the following order:

*"It Is Ordered* that said motion to strike be and the same hereby is sustained; the defendant's third amended answer be and the same hereby is stricken; and that plaintiffs' motion for judgment be and hereby is granted.''

No formal written judgment was filed until February 11, 1935, when the trial court, over the objections of defendant, did sign and file a formal written judgment. However, no minute entry showing a rendition of judgment on February 11 was made. Thereafter defendant Ferguson appealed to this court. On October 14, 1935 this court rendered its judgment on the motion to dismiss the appeal. (*Ferguson* v. *Goff,* 46 Ariz. 260, 50 Pac. (2d) 20), in the following language:

" . . . It appearing in the record of the present case that no valid judgment has ever been rendered therein, the appeal was prematurely taken, and the motion to dismiss is granted.''

A motion for rehearing was filed on October 28, and denied on November 23, and the mandate was duly issued and sent to the superior court of Pinal county. That court on December 6, 1935, and after the judgment of this court above referred to had become final, made the following order:

"It appearing that the minutes of this Court do not disclose the hearing and proceedings in this cause had and done on the 11th day of February, 1935, the following minute *nunc pro tunc* as of February 11, 1935, is hereby ordered made by the Court *sua sponte,* to wit:

" 'This cause came on regularly this day for hearing on the entry of judgment and defendant's objection thereto, duly filed; and plaintiffs, by counsel, having waived appearance either in person or by counsel at this hearing, and defendant appearing by H. J. Valentine, Esq., her attorney; and the said H. J. Valentine, Esq., having filed herein his objection to the attorney fee incorporated in the proposed judgment submitted to the Court by plaintiffs, but the said H. J. Valentine,

Esq., agreeing in open court that, if the Court finds plaintiffs entitled to recover attorney fees, the Court may fix the same in its discretion without the introduction of any evidence whatever; and the Court having considered the matters now before the Court, and the same having been submitted to the Court for decision, and now being fully advised, *Finds* that plaintiff is entitled to recover an attorney fee as prayed for in his complaint, and now at this time hereby fixes the amount thereof at the sum of $150.00, for which plaintiff is entitled to judgment as prayed; and the Court *Further Finds* that plaintiff is entitled to judgment as prayed in his complaint as found by Hon. E. L. Green, former Judge of this Court, as evidenced by the minute entry herein made and entered on January 5, 1935; and

" '*It Is Hereby Ordered* that judgment in accordance herewith is hereby given plaintiffs, as more fully appears by the formal written judgment this day signed by the Court, which the Clerk is hereby ordered and directed to file and enter forthwith.' "

and a certified copy of such order was mailed to the clerk of this court. There was, however, no motion nor request addressed to this court that the mandate be recalled and the case reopened for the purpose of correcting the record and reviewing the judgment of this court theretofore entered, and, therefore, no action was taken on the communication addressed to the clerk. The matter stood in *status quo* until January 31, 1942, when Seldon D. Goff applied to the superior court of Pinal county for a citation in cause No. 5252, *supra,* requiring defendant to appear and show cause why she should not be punished for contempt of the judgment and orders of the superior court of Pinal county, in that she persisted in claiming rights to the property involved in the action above referred to and had trespassed upon said premises under claim of right in 1940 and 1941. A citation was issued, and it appearing that defendant was in the state of Texas,

a copy was sent her by registered mail and was duly received by her in Texas. On February 16, the day on which the citation was returnable, the matter came up for hearing before the court, and D. V. Mulhern, a regularly admitted and practicing attorney of this court, appeared to represent defendant, stating that he was prepared to answer on her behalf to the citation, and that she had not been within the state of Arizona from the date of the application for the citation up to the time of hearing. The court held that it was the duty of defendant to appear in person, and refused to listen to her attorney. He thereupon entered a special appearance, objecting to the jurisdiction of the court on the ground that the judgment of the superior court referred to, and on which the proceedings for contempt were based, was wholly null and void, and that the court had no jurisdiction of the person of defendant. The court denied the special appearance and refused to allow Mulhern to participate in the hearing for contempt which followed, and after hearing testimony on behalf of Goff, entered the following order:

"It is the judgment of the Court that Ethel Ferguson is guilty of contempt; that she be punished therefor by paying a fine of $25.00 to the Clerk of this Court, or fifty days in the Pinal County jail."

Thereafter this proceeding was filed and an alternative writ of *certiorari* issued.

There are several questions of law presented by the foregoing statement of facts, but the first and most important is whether the alleged judgment of the superior court, made on February 11, 1935, and on which the contempt proceeding was based, was valid. It will be observed that an appeal was taken from such purported judgment by the defendant, petitioner herein, which appeal came before this court, and it was adjudged by us that there was no valid judgment in the

case as of the date of February 11, 1935, for the reason that the record before us showed that the rules of this court in regard to rendition of judgment had not been complied with, and the appeal was dismissed. A motion for rehearing was made and denied, and the mandate of this court, to the effect that no judgment existed, was on November 23, 1935, transmitted to the superior court of Pinal county. That court thereafter made a *nunc pro tunc* order which, in effect, stated that notwithstanding the record as presented to us on appeal showed that no valid judgment had been rendered on February 11, as a matter of fact the things necessary to make the judgment valid had actually occurred, but by inadvertence on the part of the proper officials of the superior court of Pinal county the record transmitted to us on appeal did not show the true facts. The action of the superior court of Pinal county since that time necessarily has been based on the theory that it by a *nunc pro tunc* order may, without our consent, validate a judgment which we have held void.

■■ We had before us, in the case of *State* v. *Superior Court of Pinal County,* 22 Ariz. 452, 197 Pac. 537, 539, a question as to the effect of the judgments of this court, and therein we said:

"A judgment of this court imports absolute verity. It must be regarded as free from all error. It is final and conclusive upon the superior courts and the judges thereof, and they may not question such judgment, neither are they permitted to hamper or impede the due and timely execution of such judgment.

" . . . The rule is, when a judgment is affirmed by this court, all questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated against the appellant. . . . ,"

and we have followed this rule consistently ever since. *Sam* v. *State,* 33 Ariz. 421, 265 Pac. 622; *State* v. *Griffith,* 54 Ariz. 436, 96 Pac. (2d) 752.

This court, in the case of *Ferguson* v. *Goff,* *supra,* having held that no judgment was rendered on February 11, 1935, the superior court of Pinal county was without any jurisdiction by any act whatsoever to modify or change our judgment. If, as a matter of fact, a proper judgment had been rendered on February 11, but the records of the superior court of Pinal county failed to show the same, the proper procedure would have been to appeal to this court to recall its mandate and permit the proceedings to be reopened for the sake of correcting the record and to review its opinion and judgment theretofore rendered. But the superior court of Pinal county had no jurisdiction, of its own volition or by its own act, in effect to set aside the judgment of this court. The alleged judgment upon which the contempt proceeding was based being no judgment at all, petitioner could not be in contempt of the superior court of Pinal county for violating its terms.

While it is not necessary to a decision of the precise point involved herein, we might point out that if the Goffs are entitled, on the actual facts, to a judgment in case No. 5252, *supra,* we have pointed out clearly in the case of *Chiricahua Ranches Co.* v. *State,* 44 Ariz. 559, 39 Pac. (2d) 640, the manner in which such judgment might have been secured under the old rules after the decision on appeal, and we think the new rules indicate an appropriate method whereby it may even now be secured.

The alternative writ of *certiorari* heretofore issued is made permanent.

McALISTER and ROSS, JJ., concur.