367 P.2d 203

H. V. OVERSON, Appellant,

v.

S. K. MARTIN and Alice E. Martin, his wife,
Appellees.

No. 7108.

Supreme Court of Arizona.

En Banc.

Dec. 14, 1961.

Wallace O. Tanner, Phoenix, for appellant.

Moore & Moore, Phoenix, for appellees.

LOCKWOOD, Justice.

Defendants (appellees in the Superior Court) filed a motion to vacate an entry of default against them, setting forth grounds stated in Overson v. Martin, 90 Ariz. 9, 363 P.2d 604, (1961). From an order granting this motion, appellants brought the appeal decided above. Opinion reversing the order of the superior court in the cited case was filed July 11, 1961. No motion for rehearing was filed within the time required by Supreme Court Rule 9(a). On August 3, 1961, the mandate to the Superior Court of Maricopa County was issued and entered on the record of the court. On August 4, 1961, appellees filed in this Court a "petition" praying that the mandate be withheld, that it be quashed and that the appeal be dismissed. The basis for the petition was that there is no appeal from an order vacating entry of default and therefore the Supreme Court lacked jurisdiction. The mandate was picked up by messenger and delivered to the clerk of the superior court on August 7, 1961. On August 25, 1961, a petition to recall mandate from the superior court was filed. The appellant cites a number of Arizona cases with the contention that this Court in the past has accepted such appeals. In none of these cases was the instant question raised or proper, the appeals being from *judgments* on the merits following the vacation of the default, from orders *denying* vacation of default judgments or other matters. Three cases are cited wherein this Court acted without comment upon appeals from orders setting aside default judgments,[1] but the question of appealability of these orders was not raised in these cases. Appellants contend the appealability of an order vacating a default judgment and an order vacating a default before judgment rests upon the same basis.

We will not here consider the question raised by the petition to dismiss the appeal, as it was filed after the time for motion for rehearing, and after the mandate had issued and been recorded in this court. It is the general rule that, in the absence of statute, an appellate court has no power to reconsider, alter or modify its decision.[2] Supreme Court Rule 9(a),

1. Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746, (1951); Avery v. Calumet & Jerome Copper Co., 36 Ariz. 239, 284 P. 159, (1930); Lynch v. Arizona Enterprise Min. Co., 20 Ariz. 250, 179 P. 956, (1919).

2. Anno. 84 A.L.R. 579, (1933); 3 Am.Jur. Appeal & Error, sections 1263–65 (1936); 5B C.J.S. Appeal & Error §§ 1955, 1996, (1958).

which has the effect of statute provides a method by motion for rehearing for re-consideration of an opinion. Appellant did not comply with this rule. We have further held that "the jurisdiction of an appellate tribunal, in the absence of a constitutional provision or statute, does not terminate until the case has been returned to the trial court."[3] This ruling was based upon an Oklahoma case[4] where the mandate has been physically delivered to the trial court. In the instant case at the time the petition to withhold mandate was filed, all steps other than messenger service had been completed. There remained only the ministerial act of delivery to the trial court, and the clerk had no authority in the absence of a court order to withhold the mandate. It has further been held that an appellate court may recall the mandate for the purpose of correcting clerical errors, or where the action of the court was procured by fraud or imposition on the court, or where the opinion was based on a mistake of fact,[5] the reason being that in such cases the mandate is a nullity and the appellate court has never actually relinquished juris-diction. It is incumbent on the appellate court in the first instance to determine its own jurisdiction over the subject matter, and each opinion includes an implicit affirmation that there is jurisdiction based upon the record and the facts before the court.

■ If the question of whether the order setting aside the entry of default had been raised in the original opinion, this court would have decided it. If it is not an appealable order, the inadvertent acceptance of this appeal does not bar the court from refusing subsequent appeals in other cases involving this situation.

■ There should be an end to litigation at some point in time.[6] This court had jurisdiction over the parties and the subject matter; no question as to appealability of the order was raised during the entire appeal; the mandate was issued, and it is too late for appellant to raise the question for the first time now. Petition denied.

STRUCKMEYER, C. J., UDALL and JENNINGS, JJ., and HENRY S. STEVENS, Judge, concur.

3. Arizona Commercial Mining Co. v. Iron Cap. Copper Co., 29 Ariz. 23, 239 P. 290 (1925).

4. Thomas v. Thomas, 27 Okl. 784, 109 P. 825, (1910); Rehearing Den'd 27 Okl. 801, 113 P. 1058, 35 L.R.A.,N.S., 124, 133, (1911).

5. Ferguson v. Superior Court in and for Pinal County Ct., 59 Ariz. 314, 127 P. 2d 131 (1942). Trumpler v. Trumpler, 123 Cal. 248, 55 P. 1008 (1899). Hanson v. McCue, 43 Cal. 178 (1872).

6. State v. Sund, 25 N.Dak. 59, 140 N.W. 716, (1913); Thomas v. Thomas, 27 Okl. 784, 109 P. 825, (1910); Rehearing Den'd 27 Okl. 801, 113 P. 1058, 35 L.R.A.,N.S., 124, 133, (1911).