415 P.2d 148

Park BOLON, aka Park Bolen, Appellant,

v.

Bob PENNINGTON and Maude Leota Pennington, husband and wife, Appellees.

No. 2 CA–CIV 189.

Court of Appeals of Arizona.

June 6, 1966.

**434**

Brown, Vlassis & Bain, by George E. Hilty, Phoenix, for appellant.

Charles W. Stokes, Casa Grande, for appellees.

MOLLOY, Judge.

The plaintiffs-appellees have questioned this court's jurisdiction to consider an appeal from an order of the superior court setting aside a default entered against the plaintiffs-appellees on a counterclaim by the defendant-appellant.

The plaintiffs filed a complaint against the defendant on March 2, 1965 and on May 7, 1965 the defendant filed his answer and a counterclaim. The plaintiffs did not reply to the counterclaim within twenty days as provided for by Rule 12(a) Rules of Civil Procedure, 16 A.R.S. and default was entered on June 1, 1965. Following a hearing on June 28, 1965, at which neither the plaintiffs nor the plaintiffs' counsel was present, the trial court took the defendant's request for default judgment under advisement. The plaintiffs filed a reply July 1, and on July 7 moved the court to set aside the default. On August 16, the court entered the following order:

"IT IS HEREBY ORDERED that:

"1. The default entered against plaintiffs upon defendant's counterclaim be set aside and plaintiffs' REPLY TO COUNTERCLAIM be entered as a responsive pleading to defendant's counterclaim.

"2. Pursuant to the provisions of Rule 53, Rules of Civil Procedure, ARTHUR O. BEIMDIEK, JR., is appointed SPECIAL MASTER to hear and determine the issue of accounting as framed by the pleadings on file in this case, and to make written report thereon subject to confirmation by this Court."

The defendant-appellant has appealed from the above order, and the plaintiffs-appellees contend that the order is not appealable.

■ A.R.S. section 12–2101, as amended, governs appeals to this court. In Rueda v. Galvez, 94 Ariz. 131, 382 P.2d 239 (1963), our Supreme Court held that an order denying a motion to set aside a default was not appealable. In Overson v. Martin, 90 Ariz. 151, 367 P.2d 203 (1961), the Supreme Court refused to consider, as untimely raised, the question now before us, but did not preclude a determination that an order setting aside a default is not appealable. In Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963), the Supreme Court said:

"In determining this question, cases from California and Minnesota are persuasive, particularly because our statute was adopted in part from those jurisdictions. State v. McDonald, 88 Ariz. 1, 352 P.2d 343 (1960)."

94 Ariz. at 329, 385 P.2d at 210.

A Minnesota decision, Philadelphia Storage Battery Company v. Hawley, 154 Minn. 538, 191 N.W. 815 (1923), followed the above rule, stating:

"An order relieving a party from default and granting him leave to interpose an answer or reply, made after the entry of

judgment, is appealable, as such orders cannot be reviewed on an appeal from the judgment.

"But such orders, made before judgment, are not appealable, for they may be reviewed on an appeal from the judgment, and therefore are not final upon the merits of the question involved. (citing cases)"
191 N.W. at 815

Frequent decisions on this point have been rendered in California. In Davis v. Taliaferro, 218 Cal.App.2d 120, 32 Cal. Rptr. 208 (1963), the court said:

"As we have pointed out, no default judgment was signed, filed or entered subsequent thereto. *'An order granting a motion to set aside a default before a judgment has been entered is a nonappealable order.'* (Thomas v. Lee (1949) 90 Cal.App.2d 44, 45, 202 P.2d 310; Turner v. Follmer (1948) 84 Cal. App.2d 815, 191 P.2d 777; Bernards v. Grey (1950) 97 Cal.App.2d 679, 683, 218 P.2d 597; Esquivel v. Raney (1951) 106 Cal.App.2d 162, 163, 234 P.2d 62; 3 Witkin, Cal.Procedure, pp. 2115, 2163.)"
(Emphasis added)
32 Cal.Rptr. at 210

This seems to be the general law, according to an annotation beginning at 108 A.L.R. 225:

"The courts are agreed that an order setting aside, or refusing to set aside, a default where judgment has not been entered, is not a final order, and therefore is not appealable."
108 A.L.R. at 234

■ The defendant-appellant argues for the first time in a reply brief, in what appears to be a desperation contention, that the second part of the August 16 order justifies this appeal. Part 2 of the August 16 order appointed a master, pursuant to Rule 53, Rules of Civil Procedure, and directed an accounting. The appellant contends that such appointment is appealable under A.R.S. section 12–2101, subsecs. D and G.

A.R.S. section 12–2101, subsec. D provides for appeal:

"From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

Here the appointment of a master did not prevent entry of judgment, and the defendant's contention is difficult to reconcile with Rule 75(g) which makes a master's report a necessary part of an appeal from a judgment, and the provisions of Rule 53 relating to the opportunity of the parties to object to the master's report.

A.R.S. section 12–2101, subsec. G provides:

"From an interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery."

The order of August 16 provided for an accounting, but did not decide the merits of the controversy and therefore cannot be said to have determined the rights of the parties.

The nonappealable nature of an order appointing a referee has been recognized in California, Gunder v. Gunder, 208 Cal. 559, 282 P. 794, (1929), and Minnesota, Bond v. Welcome, 61 Minn. 43, 63 N.W. 3 (1895). See also annotations 3 A.L.R.2d 342, 353 and 75 A.L.R.2d 1007, 1009.

We hold that the order of August 16, 1965 was not appealable. Appeal dismissed.

KRUCKER, C. J., and HATHAWAY, J., concurring.