510 P.2d 1052

**BORG–WARNER ACCEPTANCE CORPO-RATION, a subsidiary of Borg-Warner Corporation, a Delaware corporation authorized to do business in the State of Arizona, Appellant,**

v.

**GLOBE ELECTRIC, INC., an Arizona corporation, Globe Electric, Inc., d/b/a Ed's Magnavox Home Entertainment Center, Edward Merritt and Rosa Merritt, his wife, Appellees.**

**No. 2 CA–CIV 1327.**

Court of Appeals of Arizona,
Division No. 2.

June 20, 1973.

Rehearing Denied July 17, 1973.
Review Denied Sept. 18, 1973.

Taylor & Petica by Ronald H. Petica, Scottsdale, for appellant.

Donald C. Premeau and William Tifft, Globe, for appellees.

KRUCKER, Judge.

This is an appeal from an order setting aside the entry of a default. Appellant was the plaintiff below.

The complaint was filed June 28, 1972. The summons and complaint were duly served on the corporate defendant on June 29, 1972, and on the individual defendants July 5, 1972. No answer or response was filed and the affidavit of default and the default were entered on July 28, 1972. No default judgment was taken by plaintiff.

The sole question raised by the appellant is whether or not there was sufficient showing of excusable neglect to justify the court's setting aside the entry of default.

However, appellees raise the question of our jurisdiction to consider this appeal on the grounds that the order complained of is not appealable. No judgment has been entered and under the provisions of A.R.S. § 12–2101, as amended, an order setting aside the entry of default is not appealable. This court reached that conclusion in Bolon v. Pennington, 3 Ariz.App. 433, 415 P. 2d 148 (1966); *see also*, Overson v. Martin, 90 Ariz. 151, 367 P.2d 203 (1961). In Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963), Justice Lockwood comments on the *Overson* case and stated that it dealt only with an order setting aside an entry of default, no judgment having been entered. In the appeal before us, we are not dealing with an order setting aside a default judgment but only with an order setting aside the entry of default.

Appeal dismissed.

HATHAWAY, C. J., and HOWARD, J., concur.