No. 12511

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

SUN RIVER CATTLE COMPANY et al.,

Plaintiffs and Appellants,

-vs-

MINERS BANK OF MONTANA et al.,

Defendants and Respondents.

---

Appeal from:  District Court of the Second Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellants:

Corette, Smith and Dean, Butte, Montana
Kendrick Smith argued and Gerald R. Allen and
Sam Chase appeared, Butte, Montana

For Respondents:

Alexander, Kuenning and Miller, Great Falls, Montana
Edward C. Alexander argued, Great Falls, Montana
Henningsen, Purcell and Genzberger, Butte, Montana

For Amicus Curiae:

Wesley Wertz, Helena, Montana
Turnage and McNeil, Polson, Montana
Luxan, Murfitt and Davis, Helena, Montana

---

Submitted:  June 13, 1974

Decided:  JUL 23 1974

Filed:  JUL 23 1974

Thomas J. Kearney
Clerk

PER CURIAM:

This matter comes on a motion to correct a remittitur. A final opinion, per curiam, was issued in Sun River Cattle Co., Inc., a corporation; Louis Skaar & Sons; and Bruce E. Beck & Sons, Plaintiffs and appellants, v. Miners Bank of Montana, N.A., a Banking Corporation, Defendant and Respondent, on April 17, 1974. Petition for rehearing was denied and the order denying the rehearing together with a copy of the opinion was issued as the remittitur and sent to the clerk of court of Silver Bow County.

The remittitur reversed the judgment and in effect directed judgment to be entered for the amounts of the checks involved. The opinion did not comply with Rule 31, M.R.App.Civ.P., that "* * * the mandate shall contain instructions with respect to allowance of interest." Now, plaintiffs seek correction or clarification on interest.

Plaintiffs' position is that interest runs on each of the six checks from the second day following final receipt of each of the six checks by the bank.

Defendant's position is: first, this Court has lost jurisdiction over the remittitur; second, since the opinion merely reversed the judgment a new trial is called for, rather than an entry of judgment for plaintiffs; third, that in any event, additional evidence is called for before the trial court to establish a measure of damages because, even if there was liability under the rule of section 87A-4-302, R.C.M. 1947, the measure of damages would be that prescribed by section 87A-4-103(5), R.C.M. 1947, this argument is based on a tort rule where any loss triggered by "bad faith" should call for the amount of the item reduced by an amount which could not have been realized by the use of ordinary care,and the damages suffered as a proximate consequence of the bad faith; and fourth, that since the action sounds in the nature of a tort based on a violation of statutory obligation, the obligation to pay does not arise until a judgment is entered determining liability and fixing the amount.

- 2 -

We shall narrow the issue by disposing of defendant's first two contentions. This Court clearly has jurisdiction to correct oversights or omissions. See State ex rel. Kruletz v. District Court, 110 Mont. 36, 39, 98 P.2d 883, as to district courts. Moreover, here, defendant goes on to seek clarification and direction, so really does not seriously make its contention.

Defendant states that a new trial follows a simple reversal of a judgment and cites Steen v. Hendy, 107 Cal. 49, 40 P. 386. Steen was not followed by this Court in State ex rel. La France Copper Co. v. District Court, 40 Mont. 206, 211, 105 P. 721.

In La France it was stated that this Court "should exercise its undoubted authority to take the initiative in disposing of litigation as expeditiously as possible * * *." Rule 31, M.R.App. Civ.P., provides:

> "* * * If a judgment is * * * reversed with a
> direction that a judgment for money be entered
> in the district court, the mandate shall contain
> instructions with respect to allowance of interest."

What has happened here is that the Court simply overlooked and omitted directions as contemplated by the rules. This leads us directly to the main issue: that is, to direct the disposition of the case. If that issue be determined that a money judgment should be entered for the amount of the six checks on the basis argued by plaintiffs, further evidence on damages would not be proper.

Clearly, we held the defendant bank became liable on each of the six checks because of its statutory duty to pay, return, or give notice of dishonor by the "midnight deadline", being the next day after receipt. We held, as the discussion in the opinion reflects, that the Bank failed to carry its burden of proof on its defense. It is at this point that the bank urges we held in tort, as in fraud or bad faith; and thus the rule of Resner v. Northern Pacific Railway, _____Mont._____, 520 P.2d 655, 31 St. Rep. 268, applies in that the tort claim does not bear interest until the amount of damages is determined by judgment.

The bank's position is a strained one. The opinion reflects the holding to be that the six checks were payable by virtue of section 87A-4-302, R.C.M. 1947. The obligation to pay arises on a negotiable instrument for a specific, definite amount of money making section 17-204, R.C.M./, applicable. In Mitchell v. Banking Corp. of Montana, 94 Mont. 165, 177, 22 P.2d 175, this Court held that a bank's creditors were entitled to interest from the date of the complaint for the entire amount due from a stockholder on a statutory liability of the stockholder to the extent of par value of the stock, and stated:

> "* * * The interest comes in the nature of a penalty for delay in the prompt payment of the statutory liability on demand."

See W. J. Lake & Co. v. Montana H.P. Co., 109 Mont. 434, 97 P.2d 590.

Our holding is based upon contract law as to negotiable instruments and statutory duties thereunder. The evidence concerning bad faith and fraud only went to the weight of the evidence and the burden of proof.

Accordingly, it is ordered:

That the remittitur provide for interest on each of the six checks for the face amount of the checks, together with interest at six per cent per annum from the second day after final receipt of each check and for costs herein.

- 4 -