966 P.2d 656

The JOHN W. BROWN PROPERTIES a joint venture, composed of John W. Sweet, as the managing agent, Dorothea S. Dowd, Gary G. Hill, Elizabeth Luthy, John R. Sweet, Roy B. Dowd, Nancy Dowd Short–Ridge, William Dowd, Myron B. Dowd, Jr., and Sally D. Contero, Plaintiffs–Appellants,

v.

BLAINE COUNTY, State of Idaho, and the Board of County Commissioners of said County, said Board consisting of: Tom Blanchard, Rupert House, Leonard Harlig, and A.W. (William) Molyneux and Maxine Molyneux, husband and wife, and the Molyneux Family Partnership, composed of A.W. (William) Molyneux, and Maxine Molyneux husband and wife, Clyde Leslie Molyneux and Connie D. Molyneux, husband and wife, and John Ivan Molyneux and Kristy Molyneux, husband and wife, and C.E. Molyneux and Ingaborg Molyneux, husband and wife, and X and Y Corporation, Defendants–Respondents.

No. 21461.

Court of Appeals of Idaho.

May 27, 1997.

## ORDER GRANTING MOTION FOR CLARIFICATION OF DECISION

This case is before us on a motion by John W. Brown Properties (Brown) requesting clarification of our February 5, 1997, opinion in *John W. Brown Properties v. Blaine Co.*, 129 Idaho 740, 932 P.2d 368 (App.1997).

In that opinion we reviewed a district court order granting summary judgment to the Defendants in a dispute over the character of a rural roadway. We concluded that partial summary judgment was appropriate with respect to any claim that the road had been established as a county highway by recordation, but we determined that a full summary judgment could not be granted as there were genuine issues of fact remaining regarding whether the road had been established as a county highway by public use and maintenance. Our opinion did not expressly address the propriety of the district court's decision to award attorney fees to the Defendants pursuant to Idaho Code Section 12–121, which allows for the imposition of attorney fees against litigants who pursue or defend cases frivolously or unreasonably. On remand, the district court was confronted with conflicting arguments from Brown and the Defendants regarding the effect of the appellate decision on the lower court's prior award of attorney fees. Brown moved for a refund of the supersedeas bond it had deposited with the district court before the appeal, arguing that the district court's decision to grant attorney fees was implicitly reversed by our holding. Conversely, the Defendants argued that our silence on the issue of attorney fees implied that the award had been upheld. The district court issued a memo-randum decision denying Brown's motion to refund the bond.

To resolve the issue of the effect of this Court's appellate decision upon the attorney fee award, Brown filed a motion for clarification of our opinion. In opposition, the Defendants contend that this Court does not have jurisdiction to revisit this case because the time for filing a petition for rehearing under I.A.R. 42(a) has expired. Notwithstanding the expiration of the time for a rehearing petition, we conclude that we have jurisdiction to consider Brown's motion for clarification.

Appellate courts do not generally have the authority to revisit final opinions once they have been issued. *State v. Ramirez*, 34 Idaho 623, 627, 203 P. 279, 280 (1921); A.B. Shepard, *Power of appellate court to reconsider its decision after mandate has issued*, 84 A.L.R. 579 (1933). Typically,

> after a case has been fairly submitted to an appellate court, and the court has regularly determined the issues involved and caused its judgment in conformity with such determination to be entered, and its judgment has been properly entered, and the case remanded to the lower court for such action as may be necessary, the appellate court thereafter has no power to reconsider, alter, or modify its decision.

*Id.* This rule was created to ensure that courts are not forced to consider and reconsider cases at the will of the litigants; any other policy would deprive the courts of the stability which is necessary for the orderly administration of justice. *Id.*

Despite this general rule, however, the Idaho Supreme Court has recognized the authority of an appellate court to recall its mandate where the ends of justice require it. *Ramirez*, 34 Idaho at 630, 203 P. at 281. In *Ramirez*, the Court stated that it had "the inherent right, during the term, to recall a *remittitur* or other writ or order issued by it." *Id.* at 631, 203 P. at 282.

The courts of other jurisdictions have also recognized exceptions to the general rule that appellate courts may not take further action in a case following remand. *See e.g., Overson v. Martin*, 90 Ariz. 151, 367 P.2d 203, 205 (1961) (stating that a appellate court

**62**

can recall a final opinion in order to correct clerical errors or where the result was procured by fraud or where the opinion resets on a mistake of fact); *Pacific Legal Foundation v. Cal. Coastal Comm'n,* 33 Cal.3d 158, 188 Cal.Rptr. 104, 108–09, 655 P.2d 306, 310 (1982) (stating that it is well settled that a court may recall a case for fraud, mistake, or to correct errors resulting from oversight, neglect or accident); *Sun River Cattle Co. v. Miners' Bank of Montana,* 164 Mont. 479, 525 P.2d 19, 20 (1974) (holding that a court clearly had jurisdiction to correct oversights or omissions from a final opinion); *Central Adjustment Bureau, Inc. v. Thevenet,* 101 N.M. 612, 614, 686 P.2d 954, 956 (1984) (stating that "it cannot be questioned that, upon the Court's own motion or upon the motion of any of the parties, the Court may recall its mandate to correct or clarify a matter inadvertently overlooked."); *Brewer v. Erwin,* 70 Or.App. 709, 690 P.2d 1122, 1123–24 (1984) (stating that logic dictates that a court has jurisdiction to clarify one of its opinions); *Reeploeg v. Jensen,* 81 Wash.2d 541, 503 P.2d 99, 102 (1972) (holding that a court may recall its mandate where a lower court has entered a judgment not conforming to the mandate of the appellate court).

Based on the foregoing authority, we conclude that this Court has jurisdiction to clarify its opinion in this case in order to eliminate any ambiguity which might be found there.

■ The attorney fee award in question was made by the district court pursuant to I.C. § 12–121. Under that statute, the court may award fees to the prevailing party or parties if the court finds that the action was "brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1). In this case, the district court found that Brown's claim that a rural road adjacent to its property was an established county road was without foundation. Accordingly, the district court not only granted summary judgment against Brown but also ordered Brown to pay the Defendants' attorney fees under I.C. § 12–121. However, on appeal this Court concluded that the district court erred when it found Brown's claim to be without foundation. We determined that summary judgment was inappropriate because there were genuine is-

sues of fact regarding whether the road had been established as a county road by public use and maintenance. Therefore, although we affirmed that portion of the judgment dismissing any claim that a public county roadway had been established by recordation, we reversed the remainder of the summary judgment and remanded the matter for further proceedings in the trial court.

Once the summary judgment was reversed in part, there was no longer a "prevailing party" who could be entitled to attorney fees under I.C. § 12–121. Moreover, our conclusion that Brown had raised a legitimate issue that could not be disposed of on summary judgment inherently overturned the district court's conclusion that Brown's claim was pursued frivolously or without foundation. Therefore, in partially reversing the summary judgment, this Court's decision implicitly reversed the district court's award of attorney fees under I.C. § 12–121.

Brown's motion for clarification is granted. This Court's former opinion is clarified by reversing the district court's award of attorney fees to the Defendants. The district court is directed to refund to Brown the supersedeas bond that Brown deposited with the district court in connection with its appeal.

/s/ Jessie R. Walters, Jr.
Chief Judge