No. 80-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

STANLEY M. KNUDSON,

                    Petitioner and Appellant,

        vs.

FRANCES ANNE KNUDSON,

                    Respondent and Respondent.

Appeal from:  District Court of the Twelfth Judicial District,
              In and For the County of Hill.
              Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

     For Appellant:

        Berger, Anderson Law Firm, Billings, Montana

     For Respondent:

        John F. Iwen, Great Falls, Montana

                              Submitted on briefs: December 4, 1980

                                 Decided: FEB 3 - 1981

        FEB 3 - 1981
Filed:
        _Thomas J. Kearney_
_____
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Stanley Knudson and Frances Knudson obtained a decree of dissolution in the Hill County District Court on October 12, 1978. The husband appealed from the property settlement provisions of the decree. The judgment was reversed in part and affirmed in part by this Court. Knudson v. Knudson (1980), ____ Mont. ____, 606 P.2d 130, 37 St.Rep. 147. Post-appeal motions were filed by both parties, and the husband now appeals from orders of the District Court requiring him to pay interest from the date of the decree and to pay the wife a reasonable rental value for the real property awarded to her under the decree and disposing of the parties' personal property.

In August 1978 the parties obtained a divorce decree purporting to divide the estate 60 percent to the husband and 40 percent to the wife. Under this decree the wife was to receive the farmhouse and out buildings, valued at $87,000, and $113,000 in cash, payable $13,000 in September 1978 and $6,000 annually thereafter. The wife moved to amend this decree, and in October 1978 the District Court granted her motion. The court found that she was entitled to an additional $20,000, representing her share of her husband's railroad retirement pension which had not been originally considered by the court. The husband appealed to this Court solely on the basis of the inclusion of the pension. We reversed with regard to the inclusion of the pension and affirmed the balance of the decree. See Knudson v. Knudson, supra.

Both parties then filed post-appeal motions. The District Court found that the wife was entitled to a reason-

able rent from the husband for the time he occupied the farmhouse awarded to her. The court determined that $6,000 was a fair rent for the period between October 1978 and April 1980. The court also required the husband to pay interest on the $13,000 payment which was due in September 1978 and the $6,000 payment due in September 1979. The District Court also reconsidered the property distribution and purported to equally divide certain personal property not mentioned in the original decree.

Stanley Knudson offers three issues for this Court's review:

1. Did the District Court err in reconsidering distribution of personal property after the cause had been remanded by this Court?

2. Did the District Court err in its actual distribution of the personal property?

3. Did the District Court err in directing Stanley Knudson to pay to his wife rent and interest dating from the court's decree?

In our resolution of the first appeal of this case, we ruled:

> "The decree of the District Court is affirmed except insofar as it awards the wife a share of the husband's railroad retirement pension. This cause is remanded to the District Court for amendment of judgment in accordance with this opinion." 606 P.2d at 135, 37 St.Rep. at 153.

The husband contends in this appeal that the District Court is relitigating issues regarding the couple's personal property. He argues that the personal property disposed of by the District Court had already been distributed and that distribution affirmed by this Court in Knudson v. Knudson, supra. We do not agree.

-3-

On May 14, 1980, the District Court found that, "[t]he issue of the division of personal property, mainly household furnishings, located at the family residence and respondent's apartment, was not raised at the original proceedings or disposed of by the court's decree." This Court can find no specific distribution of property which was already disposed of by the first decree. To the extent the District Court determined the parties' rights in personal property previously unaccounted for, or excluded from, the first decree, the husband's argument that the judge was relitigating the personal property distribution is unpersuasive. We conclude that the judge was merely completing his initial task of settling the marital estate. In view of the fact that the distribution of the household furnishings was a continuation of the court's original proceeding, we are obliged to respect its judgment in the absence of arbitrary action or the failure to employ conscious judgment. In re Marriage of Jacobson (1979), _____ Mont. _____, 600 P.2d 1183, 36 St.Rep. 1773, 1776.

Nor do we accept husband's argument regarding the District Court's imposition of rent. Husband maintains that had the wife either made application for a posting of a supersedeas bond, moved to dissolve the stay of execution, or asked the court to impose a rental as part of the stay of execution, he would have had the option of continued occupancy or removal. Because of his wife's inaction, the husband contends he was limited in his choices and should not be required to pay rent.

We will not allow the husband to benefit from his own recalcitrance. From the date of the initial decree granting his wife the property, he knew or should have known that he

-4-

was using and occupying realty which was not his own. We find that it was his responsibility, not the wife's, to proceed toward a determination and protection of his rights. This Court will not allow a person to benefit from his own inaction. As a matter of fairness, we conclude that the husband's occupancy of his wife's property from the date of the initial decree makes him liable to her for reasonable rental value. In determining that value, we are obliged to respect the District Court's judgment, and in the absence of a clear abuse of discretion, that judgment will not be disturbed on appeal. No such abuse took place here. Lumby v. Doetch (1979), ___ Mont. ___, 600 P.2d 200, 202, 36 St.Rep. 1684, 1687.

In the District Court the wife claimed interest on $13,000 from the date of the judgment and on $6,000 from September 1, 1979. Husband does not deny liability for the interest on the $6,000, but asserts that because of the stay of execution, he owes no interest on the $13,000.

Section 25-9-205, MCA, provides that interest is payable on judgments at the rate of 10 percent per annum; but, under Section 2, Chap. 649, Laws of 1979, that rate applies only to the balance owing on judgments from and after July 1, 1979. Prior to that date, the previous legal rate of 6 percent applies.

Rule 31, M.R.App.Civ.P., provides in relevant part that, "[i]f a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was rendered or made in the district court."

The husband maintains that when he limited his appeal to the issue of his retirement pension, his wife could have

-5-

elected to accept the other benefits in the decree and could have asked the court to dissolve the stay of execution; that her failure to do so or to ask that the court require the payment of rent for the real property as a condition to the stay, amounted to a waiver of any claim on her part for interest or rent; that, in fact, the stay was not entered until after she filed her notice of appeal; and that it can be assumed that wife permitted the stay to continue because it inured to her benefit. We do not agree.

We held in Resner v. Northern Pac. R.R. Co. (1973), 161 Mont. 177, 505 P.2d 86, that a judgment bears interest from the date of its entry in the trial court even though it is subject to direct attack, citing Stockton Theatres, Inc. v. Palermo (1961), 55 Cal.2d 439, 11 Cal.Rptr. 580, 582, 360 P.2d 76, 78. Although these cases did not involve a stay of judgment, they stand for the proposition that once a person is liable for a money judgment, and payment is not made, the person entitled to the judgment is further entitled to a fair rate of interest.

The husband moved the court for a stay of execution. Thereafter, he made no attempt to dissolve the stay himself or make any attempt to determine what obligations were accruing. This Court will not allow the husband to avoid paying interest merely by arguing that his wife did not do enough to secure it. We will defer to the District Court's judgment in this matter, for we determine that interest was properly imposed under Rule 31, M.R.App.Civ.P., and applicable case law.

This cause is affirmed on all issues.

John Conway Harrison
Justice

-6-

We concur:

_____
Chief Justice

_____

_____

_____
Justices

This cause was submitted prior to January 5, 1981.