No.   92-130

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

LARRY BOYKEN,

      Plaintiff and Respondent,

  v.

STEVEN STEELE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          H. William Coder, Attorney at Law,
          Great Falls, Montana

      For Respondent:

          Patrick F. Flaherty, Attorney at Law,
          Great Falls, Montana

FILED

FEB 11 1993

Filed: *Ed Smith*
  CLERK OF SUPREME COURT
    STATE OF MONTANA

Submitted on Briefs:   August 6, 1992

Decided:   February 11, 1993

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Larry Boyken brought this action against defendant Steven Steele to recover damages for intentional assault and battery. A jury assessed Boyken's damages at $2500, but found that Boyken was 75 percent responsible for the incident which caused his injuries. The District Court granted Boyken's motion for a judgment notwithstanding the verdict, and awarded the full amount of damages. The District Court did not allow offset against amounts previously received by Boyken for the same injuries in a negligence settlement with Lee's Northside Bar. From this judgment, Steele appeals. We reverse.

The following issue is dispositive of this appeal:

Was plaintiff entitled to recover damages without regard to amounts collected from another defendant as compensation for the same injuries?

This action arises from a barroom fight between Larry Boyken and Steven Steele on the evening of July 25, 1990, which resulted in facial injuries to Boyken. Boyken filed a complaint in District Court naming Steele and Lee's Northside Bar in Great Falls as co-defendants. He alleged that Steele had committed assault and battery and that the bar had been negligent.

Prior to trial, Boyken settled with the bar's insurance carrier for $5000. The bar was discharged from any further liability, and the release further stated that any claims for contribution or indemnity against the bar were extinguished. The complaint against the bar was then dismissed.

2

The claim against Steele was tried in October 1991, and the jury found that Steele had committed assault and battery when he "sucker punched" Boyken in the eye. The jury found that Boyken's actual damages as a result of that incident totalled $2500. However, the jury also found that Boyken had used profane and abusive language and had challenged Steele to fight him, and was therefore responsible for 75 percent of his own damages.

Boyken moved for judgment notwithstanding the verdict pursuant to Rule 50(b), M.R.Civ.P., and argued that the doctrine of comparative negligence should not be applied to bar recovery in cases based upon intentional torts. The District Court agreed, and on December 5, 1991, granted a directed verdict in favor of Boyken. The court held it was error to instruct the jury on the doctrine of comparative negligence, and pursuant to the jury verdict, entered judgment for Boyken in the amount of $2500.

The District Court also held that the terms of the release signed by Boyken and the bar had clearly reserved Boyken's right to sue for the intentional tort of assault, and that the settlement against the bar should not be offset against the damages recovered from Steele. Therefore, the court concluded that Boyken was entitled to a judgment of $2500 against Steele, with no offset against amounts recovered in the previous settlement. Steele appeals from this decision.

We need not address the issue raised by Steele regarding whether it was proper to apply comparative negligence in this situation, because we conclude that Boyken was fully compensated

3

for his injuries by the bar and is not entitled to recover an additional damage award under any legal theory.

The jury, after hearing testimony and considering the evidence, found that Boyken had incurred actual damages in the amount of $2500. That finding has not been challenged or appealed. Furthermore, Boyken received $5000 from the bar in a voluntary settlement for those same damages. The law is clear in Montana that when a joint tort-feasor settles with a claimant, the claimant's recovery against the remaining tort-feasor is to be reduced dollar-for-dollar by the consideration paid by the settling tort-feasor. *State ex rel. Deere & Co. v. District Court* (1986), 224 Mont. 384, 386, 730 P.2d 396, 398. (*See also Whiting v. State* (1991), 248 Mont. 207, 810 P.2d 1177; *Maddux v. Bunch* (1990), 241 Mont. 61, 784 P.2d 936; *Kuhnke v. Fisher* (1987), 227 Mont. 62, 740 P.2d 625.) This policy provides a single satisfaction for a single injury. *Maddux*, 784 P.2d at 940.

In this case, Boyken raised claims against Steele and the bar as joint tort-feasors, alleging intentional assault and battery, and negligence, respectively. These alleged acts together resulted in the facial injuries sustained by Boyken. There can only be one amount of actual damages as a result of those injuries. The jury found that amount was $2500. Since the $5000 Boyken received in the settlement with the bar exceeds his total actual damages, Boyken is entitled to no additional compensatory damages from Steele.

4

We hold the District Court erred when it entered the judgment against Steele in the amount of $2500 without allowing an offset in the amount previously received by Boyken as compensation for the same injuries. We reverse and remand for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5