**FILED**

August 17 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0575

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 180

JAMES HULSTINE, CARL CANSLER, DUSTY CLARKE, JUSTIN ERICKSON, CHAD GABEL, LANDIS HARDING, ERIC HUDSON, THOMAS HUENERGARDT, ANDREW JEWELL, PAUL LANDE, CHRISTOPHER NESBITT, JEFF PACHECO, CHRISTOPHER SCHANNO, ZACHARY SMITH, EDWARD STUMP, DAVID UMLAND, RICARDO VALENZUELA, ADAM WILKINSON, LEONARD HILLIARD & DAMEION SCOTT TODD,

        Plaintiffs and Appellants,

   v.

LENNOX INDUSTRIES, INC.,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 06-187
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Leah K. Corrigan and James K. Lubing, Law Office of James K. Lubing, Jackson, Wyoming

          P. Richard Meyer and Pamela T. Harvey, Meyer & Williams, Jackson, Wyoming

      For Appellee:

          Robert M. Carlson, Corette, Pohlman & Kebe, Butte, Montana

          Brian G. Cahill and Beth Hanan, Gass, Weber & Mullins, Milwaukee, Wisconsin

Submitted on Briefs: June 9, 2010

Decided: August 17, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     James Robert Hulstine, et al., (collectively, "Appellants") sued Lennox, Inc. ("Lennox") and Anderson's Heating and Air Conditioning, Inc. ("Anderson's") for personal injuries resulting from carbon monoxide poisoning under theories of negligence and strict liability.  Appellants settled with Anderson's prior to trial.  Appellants proceeded to trial against Lennox and the jury awarded damages.  The Fourth Judicial District Court, Missoula County, reduced the amount of damages that the jury awarded to Appellants under § 27-1-703, MCA.  The District Court also calculated interest from the time it entered its judgment rather than from the time the jury entered its verdict, under § 27-1-211, MCA.  Appellants appeal.

¶2     We restate the issues as follows:

¶3     Issue 1:  Did the District Court err when it applied the comparative negligence principles set forth in § 27-1-703, MCA, to reduce Appellants' damage award?

¶4     Issue 2:  Did the District Court err when it calculated the interest due on Appellants' damage award pursuant to § 27-1-211, MCA?

## BACKGROUND

¶5     In August 2004, Appellants were exposed to carbon monoxide fumes after a vent pipe broke in their living quarters in Anaconda.  The vent pipe was located inside a heating unit designed and manufactured by Lennox and installed by Anderson's.  Appellants sued Lennox, asserting claims under both strict products liability and negligence theories.  They also sued Anderson's for negligence related to installation.  Appellants alleged that the acts of both Anderson's and Lennox caused the single carbon monoxide exposure.

3

*A.	Reduction in Damages*

¶6	Prior to trial, Appellants settled with Anderson's for $2 million. The case against Lennox was tried to a jury on the theories of negligence and strict products liability. On April 2, 2009, the jury returned a damage verdict against Lennox under both theories of liability in the total amount of $7,490,000. Although the special verdict form required the jury to allocate a specific award to each appellant, the form did not require the jury to specify how much of the total verdict was attributable to strict liability and how much was attributable to negligence. The form instructed the jury to apportion liability for negligence between Lennox and Anderson's, and it found Lennox 70% negligent and Anderson's 30% negligent.

¶7	After the jury rendered its verdict but before the District Court entered judgment, Lennox filed a motion of "entry of appropriate judgment with offset required by MCA Section 27-1-703," which governs apportioning liability when multiple tortfeasors are involved. Lennox argued that under § 27-1-703(6)(d), MCA, Appellants had assumed the liability of Anderson's. Thus, the amount of damages should be reduced by 30%—the percentage of liability the jury had attributed to Anderson's. Appellants argued that § 27-1-703, MCA, did not apply because they had brought a strict products liability claim, and § 27-1-703, MCA, applies exclusively to negligence actions. The District Court entered judgment on April 27, 2009, for $5,243,000. This amount reflected a 30% reduction in the amount awarded by the jury.

¶8	Appellants filed a motion to amend the judgment pursuant to M. R. Civ. P. 59(g), arguing that the District Court had erred when it reduced the judgment under § 27-1-703,

4

MCA, because the damages had been awarded under a strict products liability theory. Appellants also argued that a pro tanto reduction would be inappropriate because the pro tanto rule is premised on an interpretation of § 27-1-703(2), MCA.

¶9 The District Court denied Appellants' motion to amend, concluding:

> [T]he Court did not bring this action, nor did the Court form the Plaintiffs' legal theories of the case. The Court submitted the facts and Jury Instructions to the Jury in this case and the Jury returned its Special Verdict Form allocating 30% liability to Anderson's Heating and Air Conditioning and allocating 70% liability to Lennox Industries, Inc. Consequently, the Court reduced the Jury's assigned amounts of damages for each Plaintiff by the 30% which has already been settled and paid by Anderson's to the Plaintiffs, in conformance with the Jury's Special Verdict Form.

¶10 On appeal, Appellants reiterate their arguments that because the action was brought under a strict products liability theory, (1) the District Court incorrectly applied § 27-1-703, MCA; and, (2) a pro tanto reduction in the award is inapplicable. Lennox contends that the District Court correctly applied § 27-1-703, MCA, because the jury awarded damages under a negligence theory, even if only partially. Alternatively, Lennox asserts that a pro tanto reduction in the award is appropriate.

B. *Post-judgment interest*

¶11 After the court entered its judgment, Lennox filed checks with the Ravalli County District Court under M. R. Civ. P. 67, which allows a party to deposit a money judgment with a district court upon notice to the other parties. Through an exchange of emails regarding the checks, Lennox learned that Appellants believed interest was still accruing on the award, even though Lennox had filed the checks with the court. Apparently, because the checks included a notation that the checks were in satisfaction of the judgment, Appellants

5

feared that depositing the checks would preclude them from appealing the reduction in the award because Lennox could claim accord and satisfaction.

¶12     Lennox filed a motion for "an order to terminate the accrual of interest on the judgment," requesting the court to rule that interest had been terminated by their filing of the checks with the court.  Lennox pointed out that it had responded to Appellants on June 4, 2009, and assured them it would not claim accord and satisfaction if Appellants deposited the checks.

¶13     In their opposition brief, Appellants voiced their concern regarding Lennox's potential to claim accord and satisfaction if they endorsed and deposited the checks.  They also argued that under § 27-1-211, MCA—which allows interest when the sum can be made certain— interest began to accrue on the date the jury had entered its verdict, rather than the date the court had entered judgment, because the final damages were capable of being calculated and made certain under the special jury verdict form.

¶14     The District Court concluded that under § 27-1-211, MCA, interest on the award began to accrue on April 27, 2009, which is the date the court entered its judgment.  It found that the interest continued to accrue after Lennox deposited the checks with the court because Appellants' concern about an accord and satisfaction claim was justified.  The District Court provided, however, that the interest terminated on June 4 when Lennox assured Appellants that it would not claim accord and satisfaction.

¶15     On appeal, Appellants contend that the District Court erred when it determined that interest did not begin to accrue until it had entered its judgment.  Appellants assert that the damages could have been made certain from the special verdict form; thus, interest should

6

have begun accruing from the date the jury entered its verdict and award. Lennox responds that the District Court's calculation of interest from the date of its judgment was correct because the damages were not capable of being made certain until the court had determined the appropriate offset for comparative negligence.

## STANDARD OF REVIEW

¶16 A district court's interpretation and application of a statute is a conclusion of law. *Ritchie v. Town of Ennis*, 2004 MT 43, ¶ 33, 320 Mont. 94, 86 P.3d 11. We review a district court's conclusion of law to determine whether those conclusions are correct. *Mont. Petroleum Tank Release Compen. Bd. v. Crumleys*, 2008 MT 2, ¶ 32, 341 Mont. 33, 174 P.3d 948.

## DISCUSSION

¶17 *Issue 1: Did the District Court err when it applied the comparative negligence principles in § 27-1-703, MCA, to reduce Appellants' damage award?*

¶18 Generally, § 27-1-703, MCA, provides the statutory scheme for determining liability among multiple tortfeasors. Section 27-1-703(6)(a), MCA, provides that, in an action based on negligence, a defendant may assert as a defense that the plaintiff's damages were caused in full or in part by a party with whom the plaintiff has settled. The trier of fact must consider the liability of any settled party. Section 27-1-703(4), MCA. The plaintiff assumes any liability allocated to the settled party and the claim is reduced by the percentage of the settled party's equitable share of the obligation. Section 27-1-703(6)(d), MCA. "Section 27-1-703, MCA, is by its terms limited to negligence actions and does not mention actions in

7

strict liability." *Durden v. Hydro Flame Corp.*, 1999 MT 186, ¶ 13, 295 Mont. 318, 983 P.2d 943.

¶19    This Court has drawn a bright line between negligence and strict products liability theories. "The policies of negligence and warranty liability will best be served by keeping the spheres in which they operate separate until such time as the legislature indicated how and by what extent they are to be changed. The standards of care and the duties are well-defined in each sphere." *Kuiper v. Goodyear Tire & Rubber Co.*, 207 Mont. 37, 64, 673 P.2d 1208, 1222 (1984).

¶20    On two occasions between 1977 and 1987, the legislature expressed its intent to exclude strict products liability actions from the scope of § 27-1-703, MCA. *See* Montana H. 320, 45th Leg., 4 (Jan 21, 1977) (proposing to include strict liability in the definition of negligence which was later excluded from the final version); Montana Sen. 51, 50th Leg., 2, (Mar. 10, 1987) (proposing to amend § 21-1-703, MCA, to include strict products liability which was later rejected). Thus, it is clear the legislature considered, and rejected, including strict products liability in the scope of § 27-1-703, MCA. Keeping in mind that this Court's only function in interpreting statutes is to give effect to the intent of the legislature, *Delaney & Co. v. City of Bozeman*, 2009 MT 441, ¶ 22, 354 Mont. 181, 222 P.3d 618, we conclude that § 27-1-703, MCA, cannot be applied to reduce Appellants' amount of recovery because the jury awarded damages, in whole or in part, under a strict products liability theory.

¶21    We understand that because Appellants had settled with Anderson's and because Appellants pursued a claim of negligence against Lennox, the jury was required to compare Anderson's negligence with that of Lennox under § 27-1-703(4), MCA. However, the

8

special verdict form, as agreed to by both parties, simply requests an amount for reasonable compensation for Appellants' injuries caused by both Lennox's defective product and its negligent actions. The jury was not instructed to award damages separately for negligence and for strict liability. Therefore, we cannot discern which portion of the amount, if any, was awarded for negligence and which portion was awarded for strict liability. Consequently, a percentage reduction of a verdict award for negligence pursuant to § 27-1-703(6)(d), MCA, is impossible. Therefore, the District Court's decision to reduce Appellants' damages by utilizing comparative negligence principles under § 27-1-703, MCA, must be reversed.

¶22 While we hold that reducing the award under § 27-1-703, MCA, was incorrect, we conclude that a pro tanto reduction in the award is appropriate. When a joint tortfeasor settles with a claimant, the claimant's recovery against the remaining tortfeasor is to be reduced dollar-for-dollar by the consideration paid by the settling tortfeasor. *Boyken v. Steele*, 256 Mont. 419, 421, 847 P.2d 282, 284 (1993) (citing *State ex rel. Deere & Co. v. District Court*, 224 Mont. 384, 386, 730 P.2d 396, 398 (1986)). "If liability is joint and several, the plaintiff is entitled to only one recovery. In that event, deduction of an amount already paid by a joint tortfeasor is proper." *Azure v. City of Billings*, 182 Mont. 234, 247-48, 596 P.2d 460, 468 (1979). This policy provides a single satisfaction for a single injury. *Boyken*, 256 Mont. at 421, 847 P.2d at 284.

¶23 Appellants argue that a pro tanto reduction is not appropriate because their claims against Lennox and Anderson's were brought under different theories of liability. However, the focus of the inquiry is not whether the defendants are liable under different theories. In fact, we affirmed a pro tanto reduction when one defendant was sued under an intentional

tort and the other under negligence. *Id.* The focus of our inquiry is whether two joint and severally liable defendants caused a single injury. Here, the actions of the tortfeasors caused one, indivisible injury; therefore, they are jointly and severally liable for Appellants' injuries. We remand this matter to the District Court to reduce the jury award dollar-for-dollar by $2 million—the amount that Anderson's paid to Appellants in their settlement.

¶24 *Issue 2: Did the District Court err when it calculated the interest due on Appellants' damage award?*

¶25 In District Court, Appellants argued that the judgment should include interest from the time the jury entered its verdict and cited § 27-1-211, MCA. The District Court ruled that pursuant to § 27-1-211, MCA, interest began to accrue on the date of its entry of judgment, rather than when the jury entered its verdict, because the sum could not be made certain until the court determined the appropriate offset. On appeal, Appellants acknowledge they mistakenly cited § 27-1-211, MCA, below and argue that interest should be awarded under § 25-9-204, MCA.

¶26 Section 27-1-211, MCA, applies to prejudgment interest and provides:

> Each person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover that is vested in the person upon a particular day is entitled also to recover interest on the damages from that day except during the time that the debtor is prevented by law or by the act of the creditor from paying the debt.

*See Price Bldg Serv., Inc. v. A.J. Holms*, 214 Mont. 456, 465, 693 P.2d 553, 558 (1985) (stating that "[i]f a claim is certain or can be ascertained by calculation, sec. 27-1-211, MCA, allows prejudgment interest"). This Court has held that if the sum of the recovery could not be made certain until the jury entered its verdict, § 27-1-211, MCA, does not apply, but

10

plaintiffs are entitled to post-judgment interest under § 25-9-204, MCA. *Crumleys*, ¶ 101; *Carriger v. Ballenger*, 192 Mont. 479, 486, 628 P.2d 1106, 1110 (1981).

¶27 The District Court erred when it calculated interest under § 27-1-211, MCA. Because the amount of the award could not be made certain until the jury entered its verdict, § 27-1-211, MCA, is inapplicable; however, Appellants are entitled to post-judgment interest under § 25-9-204, MCA. Therefore, we must determine whether post-judgment interest began to accrue at the time the jury entered its verdict or when the District Court entered its judgment.

¶28 Section 25-9-204, MCA, provides, "[t]he clerk shall include in the judgment entered up by the clerk any interest on the verdict or decision of the court, from the time it was rendered or made." We have never addressed whether a dispute over an offset tolls the accrual of post-judgment interest. However, if the plain language of the statute is clear and unambiguous, no further interpretation is required. *PPL Mont., LLC v. State*, 2010 MT 64, ¶ 138, 355 Mont. 402, 229 P.3d 421. Section 25-9-204, MCA, clearly and unambiguously allows post-judgment interest from the time the verdict was rendered.

¶29 When the jury rendered its verdict, the specific amount of Appellants' damages and the amount of the offset was known. Whether the amount was reduced by 30%, $2 million, or not at all, does not change the damages as determined by the jury. An offset simply changes the amount the Appellants' could recover from Lennox.

¶30 Therefore, under the circumstances of this case, post-judgment interest is appropriate pursuant to § 25-9-204, MCA, and should be calculated to begin from the time the jury entered its verdict. Due to our conclusion in the first issue, interest should be calculated on the amount the jury awarded, minus the $2 million settlement amount.

11

**CONCLUSION**

¶31    The District Court erred when it reduced Appellants' award by 30% under § 27-1-703, MCA, which applies to comparative negligence, because the jury's damage award was also for strict products liability. We remand to the District Court to reduce the award pro tanto by $2 million—the amount paid to Appellants by Anderson's. The District Court erred when it calculated interest under § 27-1-211, MCA. We remand to the District Court to calculate the interest under § 25-9-204, MCA, to begin on the date the jury rendered its verdict, and apply the interest to the amount of the total award minus the pro tanto reduction.


¶32    Reversed and remanded.


                                        /S/ MICHAEL E WHEAT


We Concur:


/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS