FILED

10/04/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 16-0335

OP 16-0335

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 245

GREAT FALLS CLINIC LLP,

       Petitioner,

   v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, Cascade County, The Honorable
John A. Kutzman, Presiding Judge,

       Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. BDV-15-118(C)
                Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

       For Petitioner Great Falls Clinic:

           Adam Warren (argued), Gerry Fagan, Moulton Bellingham PC,
           Billings, Montana

       For Plaintiff Lisa Warrington:

           Timothy J. McKittrick (argued), McKittrick Law Firm, P.C.,
           Great Falls, Montana

                         Argued:  August 31, 2016
                    Submitted:  September 6, 2016
                      Decided:  October 4, 2016

Filed:

                              _____
                                      Clerk

## OPINION AND ORDER

¶1 The Great Falls Clinic petitions this Court to take supervisory control over the District Court of the Eighth Judicial District and to reverse the Order on Cross Motions for Summary Judgment dated April 25, 2016, in the case of *Lisa Warrington v. Great Falls Clinic*, Cause No. BDV-15-118(C). We accept supervisory control and affirm the District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In 2014 Lisa Warrington had worked for Benefis Hospital (Benefis) in Great Falls for about 20 years. On October 7, 2014, the Great Falls Clinic (Clinic) offered her a job as clinical manager. The next day Warrington accepted the offer of employment and gave two weeks' notice to Benefis that she was leaving its employ after October 24. On October 10, Warrington signed a written employment contract for an indefinite term with the Clinic, and both agreed that her start date would be October 27, 2014. On October 24, Warrington's last day at Benefis, the Clinic called and told her that it would not employ her after all.

¶3 Warrington brought an action against the Clinic for breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing. The parties each moved for summary judgment on the breach of contract and promissory estoppel claims. The District Court granted Warrington's motion for summary judgment on the breach of contract claim and denied the Clinic's motion. The District Court found that the Wrongful Discharge from Employment Act (Act) did not apply.

2

¶4     On June 7, 2016, the Clinic petitioned this Court for a writ of supervisory control, contending that the District Court made a serious mistake of law by concluding that the Act does not apply to the relationship between Warrington and the Clinic.[1]  The Clinic asserts that resolution of this legal issue will determine the ultimate outcome of the case and must be resolved before the parties proceed to other issues such as damages.

¶5     This Court ordered a response from either the District Court or the plaintiff in the underlying case.  On June 23, 2016, Warrington responded to the Clinic's petition, contending that the District Court's order on summary judgment was correct and should be upheld.  After reviewing the petition and the response, this Court ordered oral argument, which occurred on August 31, 2016.

## STANDARDS OF REVIEW

¶6     This Court has supervisory control over all other courts.  Mont. Const. art. VII, § 2(2).  Supervisory control is an extraordinary remedy and we determine whether to use it on a case-by-case basis.  M. R. App. P. 14(3).  Acceptance of supervisory control is limited to cases involving purely legal questions.  *Stokes v. Thirteenth Jud. Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754.  Promoting judicial economy and avoiding "inevitable procedural entanglements" are appropriate reasons for exercising the writ.  *Truman v. Eleventh Jud. Dist. Court*, 2003 MT 91, ¶ 15, 315 Mont. 165, 68 P.3d 654.

---

[1] The District Court denied Warrington's motion for summary judgment on the promissory estoppel claim.  Neither party seeks review of that ruling.

¶7     We review a district court's ruling on summary judgment de novo, to determine whether it is correct, using the same standards as the district court under M. R. Civ. P. 56. *Revelation Industries v. St. Paul Fire & Marine*, 2009 MT 123, ¶ 13, 350 Mont. 184, 206 P.3d 919.

## DISCUSSION

¶8     We have determined to accept the petition for supervisory control to resolve the issue in this case as to whether the Wrongful Discharge from Employment Act applies to the relationship between Warrington and the Clinic. This is purely an issue of law and its resolution will shape the proceedings for the remainder of the case, including the legal theory or theories under which Warrington may pursue her claim against the Clinic and the determination of damages, if any. Settling this issue at the present time will further judicial economy and will materially aid the parties.

¶9     The primary issue is whether the Montana Wrongful Discharge from Employment Act, Title 39, chapter 2, MCA, applies to Warrington's claims. The Clinic argues that the Act applies, preempting Warrington's common law claim for breach of contract and limiting her remedies. The District Court concluded that the Act did not apply to Warrington's relationship with the Clinic because she was never an employee of the Clinic and therefore could not have been discharged. The District Court concluded that Warrington and the Clinic were parties to an executory contract for future employment and that an employer cannot discharge a person who is still employed somewhere else and has not yet started to work for the employer. The Clinic contends that unless this result is reversed the Act will be eviscerated and judicial resources wasted.

4

¶10 The Act "provides the exclusive remedy for a wrongful discharge from employment." *Blem v. St John's Lutheran Hospital*, 2010 MT 258, ¶¶ 18-19, 358 Mont. 300, 246 P.3d 1024; § 39-2-902, MCA. The Act preempts all common law remedies for wrongful discharge, and precludes any discharge claim arising "from tort or express or implied contract." Section 39-2-913, MCA; *Solle v. Western States Ins.*, 2000 MT 96, ¶ 12, 299 Mont. 237, 999 P.2d 328. The Act applies to an "employee," who is "a person who works for another for hire." Section 39-2-903(3), MCA. The Act provides that a "discharge" includes a constructive discharge (not involved in this case) and "any other termination of employment." If an employer has committed a wrongful discharge the employee may be awarded wages and fringe benefits for a maximum of four years, less any interim earnings. Section 39-2-905(1), MCA; *Cromwell v. Victor School Dist.,* 2006 MT 171, ¶ 22, 333 Mont. 1, 140 P.3d 487. There is no right to damages for pain and suffering, emotional distress, compensatory damages, punitive damages, or any other form of damages except those provided in the Act. Section 39-2-905, MCA.

¶11 It is clear that Warrington and the Clinic had entered an executory contract as found by the District Court. The Clinic's written job offer, accepted by Warrington, welcomed her to join them "as a Clinical Manager" at an annual compensation of $78,500 plus benefits, with a start date to be determined. The Clinic established a six-month probationary period "which begins on your first date of employment." The Clinic's written offer to Warrington stated that "[W]e greatly look forward to having you join the Clinic and become a member of our team." At that time, and through October 24, 2014, Warrington was employed by Benefis.

5

¶12    A contract requires identifiable parties capable of contracting; consent of the parties; a lawful object; and sufficient consideration. Section 28-2-102, MCA. It was a contract for future employment and as such was an executory contract, under which "a party binds himself to do or not to do a particular thing in the future." *Winkel v. Family Health Care*, 205 Mont. 40, 45, 668 P.2d 208, 219 (1983). The executory contract here was the agreement that the Clinic would employ Warrington starting October 27, 2014.

¶13    The Wrongful Discharge Act applies when an employer discharges an employee from employment. *Blem,* ¶ 18. None of those attributes applies to the relationship between the Clinic and Warrington. When the Clinic breached the executory contract Warrington was not employed by the Clinic because she had not yet started work and was not entitled to any salary for having worked. As the District Court succinctly concluded, Warrington "had not yet earned a dime working for the Clinic." Because she was not an employee, the Clinic could not discharge her from employment for purposes of the Act. As the District Court concluded, "[b]ecause the Act applies only to a 'discharge' and not to other types of employment claims, the ultimate legal question here is whether the Clinic or any other employer can 'discharge' a person before their first day on the job." When the Clinic purportedly "discharged" Warrington she was still a full-time employee of Benefis and had not yet become an employee of the Clinic. An "employee" is a "person who works for another for hire." Section 39-2-903(3), MCA.

¶14    We have held that § 39-2-913, MCA, "bars claims for discharge arising from tort or implied or express contract, but does not bar all tort or contract claims merely because they arise in the employment context." *Beasley v. Semitool, Inc.*, 258 Mont. 258, 262,

6

853 P.2d 84, 86 (1993). This Court effectively disposed of the Clinic's argument in *Blem*, holding that a prospective employee's probationary period does not begin upon acceptance of an offer of employment, but rather begins when "the new employee actually starts work." This is especially true where the purportedly discharged employee is "actually working for another employer" at the time. *Blem*, ¶ 16. The District Court properly concluded that there "is simply no plausible interpretation of 'employment' at the Clinic that would apply to Ms. Warrington's status on October 25."

¶15 We accept the petition for supervisory control. In doing so, we affirm the District Court's determination that the Wrongful Discharge From Employment Act does not apply to the relationship between the Clinic and Warrington, and we affirm its order granting summary judgment to Warrington on the breach of contract claim.

¶16 Further, costs can be awarded in extraordinary writs and original proceedings under M. R. App. P. 19(3)(b)(iii), and will be assessed against the real party in interest, rather than against the respondent district court. M. R. App. P. 19(3)(b)(ii).

¶17 IT IS HEREBY ORDERED that this matter is remanded to the District Court for further proceedings consistent with this Opinion and Order.

¶18 IT IS FURTHER ORDERED that costs for this proceeding will be assessed against Great Falls Clinic and awarded to Lisa Warrington, pursuant to M. R. App. P. 19(3)(b).

DATED this 4th day of October, 2016.

/S/ MIKE McGRATH

7

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE