FILED

07/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0679

DA 19-0679

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 174

LISA WARRINGTON,

      Plaintiff and Appellant,

  v.

GREAT FALLS CLINIC, LLP,

      Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighth Judicial District, In and For the County of Cascade, Cause No. BDV-15-118(c) Honorable John A. Kutzman, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Timothy McKittrick, McKittrick Law Office, P.C., Great Falls, Montana

      For Appellee:

            Gerry P. Fagan, Adam Warren, Moulton Bellingham PC, Billings, Montana

Submitted on Briefs: June 3, 2020

Decided: July 7, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1       Plaintiff Lisa Warrington (Warrington) appeals the December 2, 2019, judgment of the Montana Eighth Judicial District Court, Cascade County, adjudicating that defendant Great Falls Clinic (Clinic) satisfied the judgment debt on her successful breach of contract claim.  The restated issue is:

> *Whether a stay of execution of judgment obtained by the judgment debtor on cross-appeal also tolls the continued accrual of post-judgment interest under §§ 25-9-204, and -205, MCA?*

¶2       We reverse and remand for assessment of additional post-judgment interest.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3       This case is now before us for the third time.  It began on Warrington's assertion of contract and related tort claims for damages caused by the Clinic's detrimental cancellation of an executory contract to prospectively employ her in a health care clinic management position.  We were initially involved on supervisory control where we affirmed a grant of summary judgment that the Clinic breached the contract and that the Montana Wrongful Discharge from Employment Act did not apply.  *Great Falls Clinic LLP v. Mont. Eighth Judicial Dist. Court (Warrington I)*, 2016 MT 245, ¶¶ 14-15, 385 Mont. 95, 381 P.3d 550.  On remand, the case went to trial on the balance of the contract claim after the District Court denied Warrington leave to add additional tort claims and granted summary judgment eliminating her related claim for tortious breach of the implied covenant of good faith and fair dealing.  *Warrington v. Great Falls Clinic, LLP (Warrington II)*,

2

2019 MT 111, ¶¶ 4-5, 395 Mont. 432, 443 P.3d 369. On February 2, 2018, the jury returned a verdict awarding Warrington $220,000 in contract damages. *Warrington II*, ¶¶ 5-6.

¶4 On February 26, 2018, with ruling still pending on her amended post-verdict motion for costs, Warrington appealed the adverse rulings on her contract bad faith and other proposed tort claims. She did not appeal any aspect of the verdict on her successful contract claim. The Clinic subsequently cross-appealed various adverse trial rulings and then moved pursuant to M. R. App. P. 22 for a stay of execution of judgment, but without the usually-required supersedeas bond. On April 23, 2018, upon ruling on Warrington's post-verdict claim for costs, the District Court separately granted the Clinic a stay of execution pending appeal. The court granted the stay without requirement for bond based on the Clinic's assertion that M. R. App. P. 22(1)(b) applies only to appeals and thus does not require a supersedeas bond upon a cross-appeal.[1]

¶5 On May 14, 2019, we affirmed Warrington's $220,000 contract judgment in toto, holding, *inter alia*, that the District Court properly granted summary judgment on her tortious bad faith claim, denied her leave to add additional tort claims, and made no trial error. *Warrington II*, ¶¶ 12-38. Remittitur issued on May 30, 2019, with filing below the next day.

---

[1] Warrington continues to dispute the correctness of that unsupported construction of M. R. App. P. 22(1)(b). However, it is not properly before us on appeal and we address it only to clarify that we do not endorse it by reference here.

¶6 On remand, the Clinic moved pursuant to M. R. Civ. P. 60(b)(5) for declaration that it fully satisfied Warrington's adverse judgment as of June 28, 2019, upon prior payment of $223,485.12 in principal, costs, and accrued interest. The motion noted that the parties' disputed Warrington's claim for an additional $24,428.13 in post-judgment interest that would have accrued under § 25-9-205(1)(a), MCA, during the pendency of the appeal.

¶7 Pursuant to *In re Marriage of Pospisil*, 2000 MT 132, ¶ 51, 299 Mont. 527, 1 P.3d 364, the Clinic asserted that the Rule 22 stay not only stayed execution of judgment pending appeal, but also tolled further accrual of post-judgment interest during the stay. Citing *McCulley v. U.S. Bank of Mont.*, 2015 MT 100, ¶¶ 57-63, 378 Mont. 462, 347 P.3d 247, and *Hulstine v. Lennox Indus., Inc.*, 2010 MT 180, ¶¶ 27-28, 357 Mont. 228, 237 P.3d 1277, Warrington contrarily asserted that the Rule 22 stay had no effect on the continued accrual of post-judgment interest under §§ 25-9-204 and -205, MCA. Finding *McCulley* and *Hulstine* of only limited effect,[2] the District Court granted the Clinic's motion pursuant to *Pospisil* and *New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls, Inc.*, 2014 MT 69, ¶ 72 n.11, 374 Mont. 229, 328 P.3d 586 (citing *Pospisil* ¶ 51), and thus declared Warrington's judgment fully satisfied upon the Clinic's prior payment of $223,485.12. Warrington timely appeals.

---

[2] See *McCulley*, ¶¶ 57-63 (holding only that post-judgment interest on compensatory jury award accrued from the date of verdict rather than the subsequent date of entry of judgment confirming the derivative punitive damages award); *Hulstine*, ¶¶ 27-28 (holding only that post-judgment interest on compensatory jury award accrued from the date of verdict rather than the subsequent date of entry of judgment on the verdict).

4

**STANDARD OF REVIEW**

¶8 The proper construction or application of a statute is a question of law. *Ritchie v. Town of Ennis*, 2004 MT 43, ¶ 33, 320 Mont. 94, 86 P.3d 11. Accordingly, whether a district court correctly construed or applied §§ 25-9-204, -205, or 27-1-211, MCA, in the assessment of post-judgment interest is a question of law subject to de novo review. *In re Marriage of DeBuff*, 2002 MT 159, ¶ 15, 310 Mont. 382, 50 P.3d 1070.

**DISCUSSION**

¶9 *Whether a stay of execution of judgment obtained by the judgment debtor on cross-appeal also tolls the continued accrual of post-judgment interest under §§ 25-9-204, and -205, MCA?*

¶10 Sections 27-1-210 and -211, MCA, generally govern the right to prejudgment interest and §§ 25-9-204 and -205, MCA, distinctly govern the right to post-judgment interest. *See Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 2008 MT 2, ¶ 101, 341 Mont. 33, 174 P.3d 948; *DeBuff*, ¶¶ 38-44; *Tipp v. Skjelset*, 1998 MT 263, ¶¶ 15-17, 291 Mont. 288, 967 P.2d 787; *Ellingson Agency, Inc. v. Baltrusch*, 228 Mont. 360, 368, 742 P.2d 1009, 1014 (1987); *Carriger v. Ballenger*, 192 Mont. 479, 485-86, 628 P.2d 1106, 1109-10 (1981).[3] Rather than matters of discretionary award, prejudgment and post-judgment interest are matters of right under their respective governing statutes. *Healy v. Healy*, 2016 MT 154, ¶ 34, 384 Mont. 31, 376 P.3d 99; *Winter v. State Farm Mut.*

---

[3] *See also Williams v. Budke*, 186 Mont. 71, 78-80, 606 P.2d 515, 519-20 (1980) (holding § 25-9-205, MCA, determines rate of interest required by § 25-9-204, MCA—rejecting assertion that -204 and -205 are unrelated but without explanation as to interplay).

*Auto. Ins. Co.*, 2014 MT 168, ¶ 32, 375 Mont. 351, 328 P.3d 665; *New Hope*, ¶ 72 n.11 (citing *Pospisil*, ¶¶ 49-51); *Price Bldg. Serv., Inc. v. Holms*, 214 Mont. 456, 468-69, 693 P.2d 553, 559-60 (1985).

¶11 Judgment creditors have the right to recover prejudgment interest on money judgments as of the date the right to the sum was both "vested" and "certain or capable of being made certain by calculation." Section 27-1-211, MCA (enacted Mont. Civ. Code § 4280 (1895), as amended). Thus, the accrual start date for prejudgment interest necessarily varies depending on the particular facts and circumstances of each case. *See, e.g., Carriger*, 192 Mont. at 485-86, 628 P.2d at 1109-10 (date of judgment); *Agrilease, Inc. v. Gray*, 173 Mont. 151, 159-60, 566 P.2d 1114, 1118-19 (1977) (date of debt maturation under contract term); *Sun River Cattle Co. v. Miners' Bank of Mont.*, 164 Mont. 479, 481-82, 525 P.2d 19, 20-21 (1974) (date of trigger of statutory duty to pay); *Lapke v. Hunt*, 151 Mont. 450, 460, 443 P.2d 493, 498 (1968) (date of filing of complaint); *Silver Bow Cty Sch. Dist. No. 1 v. Globe & Republic Ins. Co. of Am.*, 146 Mont. 208, 216, 404 P.2d 889, 894 (1965) (date of judgment regardless of subsequent appeal); *W. J. Lake & Co. v. Mont. Horse Prod. Co.*, 109 Mont. 434, 442-43, 97 P.2d 590, 594 (1939) (date of maturation of contract duty to pay); *Mitchell v. Banking Corp. of Mont.*, 94 Mont. 165, 175-77, 22 P.2d 175, 180 (1933) (date of initial assertion of claim); *Clifton, Applegate & Toole v. Big Lake Drain Dist. No. 1*, 82 Mont. 312, 334-35, 267 P. 207, 214 (1928) (date of prelitigation demand on account). As an express statutory exception, the accrual of prejudgment interest tolls "during [any period of] time that the debtor is prevented by law

6

or by the act of the creditor from paying the [judgment] debt." Section 27-1-211, MCA. Notably, § 27-1-211, MCA, does not specify the applicable rate of prejudgment interest.

¶12 As to post-judgment interest, money judgments entered upon "verdict or decision" must include interest from the time of "render[ing] or ma[king]" of the judgment. Section 25-9-204, MCA (Mont. Code Civ. Proc. § 1870 (1895), as amended). In contrast to the pre-judgment interest statute (§ 27-1-211, MCA), and except as otherwise provided by contract, the post-judgment interest statute currently specifies the rate of post-judgment interest—the federal reserve system prime rate plus 3%. Section 25-9-205(1)(a), MCA (Mont. Code Civ. Proc. § 2588 (1895), as amended). In further contrast to the prejudgment interest statute, the post-judgment interest statute includes no exception for tolling of interest accrual during periods in which "the debtor is prevented by law or by the act of the creditor from paying the [judgment] debt." *See* §§ 25-9-204 and -205, MCA. *Compare* § 27-1-211, MCA.

¶13 In *Pospisil*, after incessant disputes regarding money and a family ranch continued between the parties long after the dissolution of their marriage and division of the marital estate, they came back to court for enforcement and clarification of various rights and obligations arising under the dissolution decree and since. *Pospisil*, ¶¶ 4-14. When the dust settled, the wife obtained a money judgment including various sums due to her under the original decree and a subsequent judgment of the court. *Pospisil*, ¶¶ 16, 47, and 49. She then appealed and the District Court granted a stay of execution of judgment pending

7

appeal. *Pospisil*, ¶¶ 17, 52.[4]  As a threshold matter, as pertinent here, we held that the wife was entitled to prejudgment interest on various judgment sums under § 27-1-211, MCA. *Pospisil*, ¶¶ 51-52.  However, without explanation as to the precise interplay between the language of § 27-1-211, MCA, and the language of the stay rule or order, we held under the limiting language § 27-1-211, MCA, that the stay of execution also tolled the continued accrual of prejudgment interest.  *Pospisil*, ¶¶ 51-52.[5]

¶14    Apparently not at issue in *Pospisil* (but of later asserted contextual significance here), our unfortunate lack of explanation left open the question as to *precisely how* the stay affected the continued accrual of prejudgment interest under the unique limiting language in § 27-1-211, MCA ("except during the time that the debtor is prevented by law or by the act of the creditor from paying the [judgment] debt")—whether as a legal effect of a construction of the stay rule, merely as a factual trigger of the limiting language of

---

[4] Who requested the stay is unclear from the opinion.

[5] Without analysis or citation, we applied the rate for post-judgment interest specified by § 25-9-205, MCA, as the rate for prejudgment interest under § 27-1-211, MCA.  *See Pospisil*, ¶¶ 49 and 51.  Without reference to *Pospisil*, we later clearly declared by *common law rule* that, in the absence of a specified prejudgment interest rate in § 27-1-211, MCA, and based on the clear legislative policy manifest in §§ 25-9-205 and 31-1-106, MCA (separately specifying 10% simple interest rates for post-judgment interest and legal interest), the rate for  prejudgment interest under § 27-1-211, MCA, would henceforth be the rate for post-judgment interest specified in § 25-9-205, MCA.  *DeBuff*, ¶¶ 39-43.  *Accord Kraft v. High Country Motors, Inc.*, 2012 MT 83, ¶¶ 70-72, 364 Mont. 465, 276 P.3d 908; *Ehly v. Cady*, 212 Mont. 82, 98-99, 687 P.2d 687, 696 (1984).  *Compare Carriger*, 192 Mont. at 485-86, 628 P.2d at 1109-10 (noting that the asserted claim for prejudgment interest under § 27-1-211, MCA, was effectively no different from a claim for post-judgment interest under §§ 25-9-204 and -205, MCA, on the record at issue because the predicate sum for the claimed prejudgment interest did not become certain until the date of judgment).

§ 27-1-211, MCA, on the record in that case, or the effect of case-specific language in that particular stay order. *See Pospisil*, ¶¶ 49-52.

¶15 In any event, *Pospisil* dealt exclusively, as pertinent, with prejudgment interest under the unique limiting language of the prejudgment interest statute (§ 27-1-211, MCA) without reference or regard to post-judgment interest under the unqualified language of §§ 25-9-204 or -205, MCA. *See Pospisil*, ¶¶ 49-52. *Pospisil* thus has no direct or analogous effect or bearing in any event on whether a stay of execution affects the continued accrual of post-judgment interest under §§ 25-9-204 or -205, MCA.

¶16 In *New Hope*, following an intra-congregational dispute over religious doctrine and affiliation, a Lutheran ministry entity, and minority members of the subject Lutheran congregation, obtained judgment against the subject Lutheran church entity, and a related endowment entity, regarding the ownership of the church realty and assets. *New Hope*, ¶¶ 10-17. The church and endowment entities appealed the property judgment and the prevailing ministry entity and congregation faction cross-appealed various other issues including, *inter alia*, the court's failure to assess requested prejudgment and post-judgment interest on monies included in the judgment. *New Hope*, ¶¶ 51, 56, 69, and 72. Of later significance, the District Court twice temporarily stayed execution of judgment—once prior to appeal pending resolution of post-judgment motions and again incident to appeal pending posting of a required supersedeas bond by the appealing church and endowment entities. *New Hope*, ¶ 72 n.11.

9

¶17    As pertinent here, we affirmed the property judgment against the church entity, reversed and remanded the judgment against the endowment entity, and held, inter *alia*, that the prevailing ministry entity and congregation faction were entitled to both prejudgment interest under § 27-1-211, MCA, and post-judgment interest under § 25-9-205, MCA, on monies included in the judgment against the church entity. *New Hope*, ¶¶ 71-72.    But, citing *Pospisil*, ¶ 51, and the limiting language of § 27-1-211, MCA, we cursorily held without analysis in a footnote that the continued accrual of post-judgment interest under § 25-9-205, MCA, was tolled during both of the post-judgment stays. *See New Hope*, ¶ 72 n.11.

¶18    Our footnote holding in *New Hope* was and is problematic for a number of reasons. First, its cited underpinnings, i.e., § 27-1-211, MCA, and *Pospisil*, ¶ 51, applied only to prejudgment interest under the limiting language of § 27-1-211, MCA, not post-judgment interest under the unqualified language of §§ 25-9-204 or -205, MCA.    Second, our footnote holding was and is further inconsistent with our prior and subsequent holdings squarely addressing the effect of stays of execution on the continued accrual of post-judgment interest under §§ 25-9-204 or -205, MCA.

¶19    In *Knudson v. Knudson*, 191 Mont. 204, 622 P.2d 1025 (1981), the husband appealed an amended marital dissolution judgment entitling the wife to payment on a previously undisclosed marital asset in addition to the sums previously apportioned to her a month earlier under the original dissolution decree. *Knudson*, 191 Mont. at 205, 622 P.2d

10

at 1026. Incident to the appeal, the husband obtained a stay of execution pending appeal pursuant to former M. R. App. P. 31. *Knudson*, 191 Mont. at 207-08, 622 P.2d at 1026-27.

¶20    We affirmed the original marital estate apportionment but reversed the amended judgment regarding the previously undisclosed marital asset and remanded for further proceedings. *Knudson*, 191 Mont. at 205, 622 P.2d at 1026. On remand, the District Court entered a second amended judgment and assessed post-judgment interest against the husband on various sums apportioned to the wife, accruing from date payable under the original decree. *Knudson*, 191 Mont. at 205, 622 P.2d at 1026.

¶21    On his subsequent appeal of the interest assessed on remand from the first appeal, we rejected the husband's assertion that the prior stay of execution of judgment also tolled the continued accrual of post-judgment interest under § 25-9-205, MCA. *Knudson*, 191 Mont. at 207-09, 622 P.2d at 1027. We reasoned that § 25-9-205, MCA, includes no exception for stays of execution pending appeal and that, upon affirmation of a money judgment on appeal, former M. R. App. P. 31 correspondingly required assessment of "whatever interest is allowed by law" from the date of the judgment without exception. *Knudson*, 191 Mont. at 207-09, 622 P.2d at 1027.

¶22    Likewise, in *In re Marriage of Dalley (Dalley II)*, 237 Mont. 287, 773 P.2d 295 (1989), the wife appealed a marital dissolution judgment requiring her to pay a specified sum to the husband as part of his portion of the marital estate. *Dalley II*, 237 Mont. at 288, 773 P.2d at 296. The husband then cross-appealed his apportioned share of the marital estate. *Dalley II*, 237 Mont. at 288, 773 P.2d at 296. On remand after we affirmed the

11

marital estate apportionment in toto, the wife attempted to satisfy her judgment debt by delivering to husband's counsel a personal check and endorsed certificates of stock in a major oil company. *Dalley II*, 237 Mont. at 289, 773 P.2d at 296. Due to the adverse tax consequences of the proposed stock transfer, the husband refused to accept the tendered stock as payment on the judgment debt. *Dalley II*, 237 Mont. at 289, 773 P.2d at 296. After the District Court denied her ensuing motion to compel the husband to accept the tendered stock in satisfaction of her judgment debt, the wife appealed and the court granted a stay of execution of judgment under former M. R. App. P. 31. *Dalley II*, 237 Mont. at 289, 292, 773 P.2d at 296, 298. We affirmed the denial of the motion to compel and held, pursuant to *Knudson* and former M. R. App. P. 31, that the stay of execution pending appeal "d[id] not affect" the continued accrual of post-judgment interest under § 25-9-205, MCA. *Dalley II*, 237 Mont. at 292-93, 773 P.2d at 298-99.

¶23 Like former Rule 31, the currently governing M. R. App. P. 19(4) (adopted 2007 and amended 2011 without pertinent change) expressly provides without qualification that "[i]f a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was rendered or made." M. R. App. P. 19(4). Moreover, as in *Knudson* and *Dalley II*, nothing in M. R. App. P. 22 (authorizing stays of execution) or §§ 25-9-204 or -205, MCA, expressly or implicitly tolls the continued accrual of post-judgment interest. As with former Rule 31 in *Knudson* and *Dalley II*, the unqualified language of M. R. App. P. 19(4) corresponds with the unqualified language of

12

§§ 25-9-204 and -205, MCA, and thus reflects that post-judgment interest continues to accrue regardless of a stay of execution pending appeal.

¶24 Accordingly, we recently reaffirmed and applied our *Knudson* and *Dalley II* holdings in *Gendron v. Mont. Univ. Sys.*, 2020 MT 82, ¶¶ 20-23, 399 Mont. 470, 461 P.3d 115. There, following a partial settlement regarding asserted class claims in an insurance benefits dispute, the plaintiff obtained a judgment preliminarily approving a class settlement, certifying the subject class, appointing class counsel, and awarding reasonable attorney fees to class counsel. *Gendron*, ¶¶ 3-4. Upon final approval of the settlement and hearing on remaining contested issues, the District Court determined the amount of the attorney fees award and ordered it payable within 30 days. *Gendron*, ¶¶ 5-6. Aggrieved by the method chosen by the court to determine the amount of the attorney fees award, the plaintiff/judgment creditor appealed. *Gendron*, ¶ 7. The defendant subsequently tendered full payment pending appeal and, upon class counsel's rejection of payment, moved for leave to deposit the tendered payment with the court or in a trust account. *Gendron*, ¶ 7. Asserting that the judgment creditor's rejection of payment prevented the defendant from satisfying the judgment, the defendant further moved for judgment declaring that the limiting language of § 27-1-211, MCA, tolled the continuing accrual of post-judgment interest. *Gendron*, ¶ 7. After class counsel responded with a motion for a stay of execution of judgment under M. R. App. P. 22, the District Court denied the defendant's motion for leave to deposit the tendered payment in trust for the plaintiff, granted class counsel's motion for a stay of execution, but ruled that the continued accrual or tolling of

prejudgment interest was a matter for this Court to determine on appeal pursuant to M. R. App. P. 19(4). *Gendron*, ¶ 7.

¶25 On appeal, we rejected both the plaintiff's appeal of the attorney fees award, and the defendant's assertion that the limiting language of § 27-1-211, MCA, tolled the continued accrual of post-judgment interest based on class counsel's rejection of payment and the court's denial of leave to deposit it in trust. *Gendron*, ¶¶ 19-23. Citing *Knudson* and *Dalley II*, we held that § 27-1-211, MCA, "applies only to pre-judgment interest," §§ 25-9-204 and -205, MCA, exclusively govern post-judgment interest, and "[a] stay of execution of judgment pending appeal does not affect" the continued accrual of post-judgment interest. *Gendron*, ¶ 20. As in *Dalley II* and *Knudson* under former M. R. App. P. 31, we recognized that the successor M. R. App. P. 19(4) similarly incorporates those prior holdings that a stay of execution has no effect on the continued accrual of post-judgment interest under §§ 25-9-204 and -205, MCA. *Gendron*, ¶ 21. We thus remanded for assessment of post-judgment interest regardless of the stay of execution. *Gendron*, ¶ 23.

¶26 Accordingly, our contrary footnote holding in *New Hope*, ¶ 72 n.11, is irreconcilably inconsistent with the unqualified language of §§ 25-9-204 and -205, MCA, and our holdings in *Knudson*, *Dalley II* and *Gendron*. We thus hereby overrule our unsupported

14

footnote holding in *New Hope*, ¶ 72 n.11, regarding the effect of a stay of execution of judgment on the continued accrual of post-judgment interest.[6]

¶27 Here, as in *Gendron* and as asserted by the Clinic, Warrington did in fact delay final resolution of her successful contract claim as a practical matter. However, who appealed first, or who requested a stay of execution pending appeal or cross-appeal, is not material under the limited language of M. R. App. P. 22 and the unqualified language of §§ 25-9-204 and -205, MCA. The express language of M. R. App. P. 22 provides for no more than a temporary stay barring the successful judgment *creditor* from *executing* on the judgment pending appeal. *See* M. R. App. P. 22. As in *Gendron*, we reiterate and hold that § 27-1-211, MCA, applies only to prejudgment interest and has no application or effect on the continued accrual of post-judgment interest under §§ 25-9-204 and -205, MCA. Further, as in *Knudson*, *Dalley II*, and *Gendron*, we similarly reiterate and hold that a stay of execution of judgment pending appeal under M. R. App. P. 22 neither tolls, nor has any tolling effect, on the continued accrual of interest under the unqualified language of §§ 25-9-204 and -205, MCA.

---

[6] Our statement in *New Hope* was plagued by the fact that the parties did not cite *Dalley II* on the cross-appeal and only referenced *Knudson* in passing on an inapposite point (i.e., that post-judgment interest is not available on non-money judgments) and in a reply brief (in a responsive attempt to refute that inapposite point by cursorily distinguishing *Knudson* as limited to the principle "that a party may not avoid payment of interest by arguing that the other party could have gone further in attempting to secure payment of the judgment"). See Appellant Reply and Cross-Appeal Answer Brief 20, *New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls, Inc.*, 2016 MT 245, 385 Mont. 95, 381 P.3d 550 (DA 13-0127) and Appellee Cross-Appeal Reply Brief 8, *New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls, Inc.*, 2016 MT 245, 385 Mont. 95, 381 P.3d 550 (DA 13-0127).

¶28 It is difficult under the circumstances to fault the District Court here due to the fact that it did not have the benefit of our subsequent decision in *Gendron* and that, similar to our experience in *New Hope*, neither party brought our prior controlling decisions in *Knudson* and *Dalley II* to the court's attention below. Nonetheless, pursuant to the governing standard of review, we hold that the District Court erroneously adjudged Warrington's judgment fully satisfied upon the Clinic's prior payment of $223,485.12, without regard for the additional post-judgment interest that accrued during the stay of execution pending appeal.

**CONCLUSION**

¶29 We hold that the District Court erroneously adjudged Warrington's judgment fully satisfied without inclusion of the additional post-judgment interest that continued to accrue during the stay of execution pending appeal. We therefore reverse the court's judgment of satisfaction and remand for entry of an amended judgment with post-judgment interest including the additional sum of $24,428.13 and any additional interest accrued prior to satisfaction.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE